This is an action for actionable negligence, brought by plaintiff against the defendants E. B. McManus and Shivar Springs, Inc., alleging damage. The plaintiff alleges, in part: "That on or about 20 October, 1934, the plaintiff was helping to paint part of the Charlotte Hotel building in the city of Charlotte. That in performing said work the plaintiff and his fellow worker used a swinging stage, which was supported by pulleys and ropes. That immediately prior to the time complained of the plaintiff and his fellow worker, while standing upon said swinging stage, were painting the outside of some of the windows of said hotel building over and above a certain alleyway which runs from Poplar Street in an easterly direction along the back side of said hotel building, said stage at said time being about 28 feet above the surface of the ground. That while the plaintiff and his fellow worker were standing upon said stage, engaged in painting the outside of said windows, as aforesaid, the defendants, while operating an automobile truck containing Shivar Ginger Ale, over and along said alleyway from the rear of said hotel toward Poplar Street, operated said truck in such a reckless, careless, negligent, and dangerous manner that said truck caught one of the ropes which hung from said stage, thereby pulling said rope with such force and violence that one end of said swinging stage was thereby caused to fall from its stirrup, the plaintiff, being thereby precipitated with great force and violence for a distance of about 28 feet to the hard surface of said alleyway, the force of said fall causing the plaintiff to sustain certain serious and permanent injuries, hereinafter described."
The defendants E. B. McManus and Shivar Springs, Inc., set up the plea of contributory negligence. The plaintiff, in reply, denied contributory negligence and set up the "last clear chance." If the plaintiff was guilty of contributory negligence, the defendants had the last clear chance to avoid the injury to plaintiff.
The defendants E. B. McManus and Shivar Springs, Inc., on 4 April, 1935, set forth a petition for new parties and filed a cross-complaint, *Page 804 
alleging: "That the defendants are informed and believe that any injuries received by the plaintiff on the occasion referred to in the complaint were directly and proximately caused by the negligence of Charlotte Hotel Operating Company, a corporation, and H. H. Anderson, in that they failed to exercise due care to provide the plaintiff a safe place in which to work; in that they failed to exercise due care to furnish the plaintiff appliances and equipment with which to do his work that were reasonably safe for said purpose; in that they negligently and carelessly furnished the plaintiff a dangerous and insecure stage or platform on which to stand while working many feet above the pavement; in that they failed to properly instruct the plaintiff, and that they failed to exercise due care to perform the duties which they owed to the plaintiff as an employee. That the defendants are informed and believe that the negligence of the said Charlotte Hotel Operating Company and H. H. Anderson, and the negligence of the plaintiff himself, concurred and cooperated in causing the plaintiff's injury; that if the defendants were negligent, and if their negligence was the proximate cause of the plaintiff's injury, which is expressly denied, the negligence of the Charlotte Hotel Operating Company and H. H. Anderson was also a proximate cause of said injury, operating concurrently, and that the said persons are jointly liable with these defendants, if these defendants are liable at all, and that the defendants have a right to have said liability determined in this action, in accordance with C. S., 618."
The petition was granted and an order was made making H. H. Anderson and the Charlotte Hotel Operating Company, a corporation, parties to the action. H. H. Anderson filed an answer to the cross-complaint, denying the material allegations of the cross-complaint, and for a further answer and defense alleged that the injury to plaintiff was due to the sole, direct, and proximate cause of the negligence of the defendants E. B. McManus and Shivar Springs, Inc. The Charlotte Hotel Operating Company filed an answer to the cross-complaint denying the material allegations of the cross-complaint, and alleged: "That the said H. H. Anderson, at the time referred to in the plaintiff's complaint, was doing the work therein referred to on the Charlotte Hotel as an independent contractor under a contract between the said Anderson and the owner of said hotel, and the plaintiff was not at said time an employee of this defendant."
The defendant E. B. McManus and Shivar Springs, Inc., on 22 May, 1935, set forth a petition to make the Citizens Hotel Company a party, and filed a cross-complaint, in part: "That, as appears from the record herein, Charlotte Hotel Operating Company has now filed an answer in which it alleges that the work which the plaintiff was doing was being done by H. H. Anderson under a contract with the owner of the Charlotte *Page 805 
Hotel; that these defendants are informed and believe that the owner of the Charlotte Hotel is Citizens Hotel Company, and that the Charlotte Hotel Operating Company is the lessee thereof. That the work which the plaintiff was doing at the time of his injury was of an inherently dangerous nature, and that, consequently, the owner and the lessee of said hotel, as these defendants are informed and believe, would be liable for the consequences of and the negligence of the said H. H. Anderson whether he was their employee or an independent contractor. That these defendants are informed and believe, and so allege, that any injuries received by the plaintiff on the occasion referred to in the complaint were directly and proximately caused by the negligence of the said H. H. Anderson, in that he failed to exercise due care to provide the plaintiff a safe place in which to work," etc. The petition was granted, and an order was made making the Citizens Hotel Company (a corporation) a party. It filed an answer to the cross-complaint denying the material allegations of the cross-complaint, and alleged: "That the work which the plaintiff was doing was being done through H. H. Anderson as an independent contractor for a lump sum price, which was paid by this defendant."
The defendants E. B. McManus and Shivar Springs, Inc., on 22 June, 1935, set forth a petition and cross-complaint praying that the Traveller's Insurance Company, a corporation, be made a party, and alleging, in part: "That these defendants are informed and believe that the Traveller's Insurance Company, a corporation authorized to do an insurance business in the State of North Carolina, was the insurance carrier of the Charlotte Hotel Operating Company pursuant to the provisions of the North Carolina Workmen's Compensation Act at the time the plaintiff was injured. Upon information and belief that the injuries received by the plaintiff were received by him in the course of his employment with the Charlotte Hotel Operating Company, and that the Charlotte Hotel Operating Company and the Traveller's Insurance Company are liable to him for compensation under the terms of the North Carolina Workmen's Compensation Act, and for certain medical and hospital expenses. That, under the provisions of the 1933 amendment to the Workmen's Compensation Act, C. S., 8081 (r), it is required that compensation be paid in accordance with the Workmen's Compensation Act, and these defendants are entitled to insist on the said payment being made under and in accordance with said statute."
Order of Harding, J.: "This cause coming on to be heard and being heard upon the motion of E. B. McManus and Shivar Springs, Inc., that the Traveller's Insurance Company be declared a party defendant to this action, and it appearing that said motion should be denied: Now, therefore, it is ordered, adjudged, and decreed that said motion be and it is *Page 806 
hereby denied. This 5 July, 1935. Wm. F. Harding, Judge presiding, 24 June, 1935, Special Term, Mecklenburg Superior Court."
To the order as signed overruling the petition and motion of the defendant Shivar Springs, Inc., and E. B. McManus, to make the Traveller's Insurance Company a party defendant, the said defendants Shivar Springs, Inc., and E. B. McManus except, assign error, and appeal therefrom to the Supreme Court.
The defendants E. B. McManus and Shivar Springs, Inc., say that the question involved is: "Where an employee, injured by the alleged negligence of his employer and a third person, is subject to the Workmen's Compensation Act, and sues the third person without having first pursued his remedy under the Compensation Act, as required in C. S., 8081 (r), does the third party have the right to have the compensation carrier made a party to the action?" We do not think this question arises on this record.
The defendants contend that, to avoid certain injustice in Brown v. Sou.Railway Co., 204 N.C. 668 (S. c., 202 N.C. 256), the General Assembly enacted a new section, N.C. Code, 1935 (Michie), 8081 (r), and sets same forth in full. In this section is the following: "If, however, the employer does not commence such action within six months from the date of such injury of death, the employee, or his personal representative, shall thereafter have the right to bring the action in his own name and the employer, and any amount recovered shall be paid in the same manner as if the employer had brought the action."
In the present action it is alleged by the defendants that the Traveller's Insurance Company, a corporation, was the insurance carrier of the Charlotte Hotel Operating Company, pursuant to the N.C. Workmen's Compensation Act at the time plaintiff was injured. The Charlotte Hotel Operating Company, in its cross-answer, says that H. H. Anderson was doing the work as an independent contractor and plaintiff was not an employee of the Charlotte Hotel Operating Company. However this may be, we think the order of the court below correct. The injury complained of by plaintiff occurred on 20 October, 1934, he brought the action against E. B. McManus and Shivar Springs, Inc., on 13 November, 1934. The petition to make the Traveller's Insurance Company a party defendant was filed 22 June, 1935 — 6 months after the injury complained of. E. B. McManus and Shivar Springs, Inc., allege that the Charlotte Hotel Operating Company and Traveller's Insurance *Page 807 
Company are liable to plaintiff under the N.C. Workmen's Compensation Act. The Charlotte Hotel Operating Company denies that it is the employer and has never brought an action. The petition prays that the Traveller's Insurance Company be made a party to this action. Defendant made this after 6 months after the injury to plaintiff. "If, however, the employers does not commence such action within 6 months from the date of such injury," etc. On this record it is not necessary to decide whether or not this is a condition precedent, affecting the cause of action like the death by wrongful act statute (Lord Campbell's Act), N.C. Code, 1935 (Michie), sec. 160.
The appealing defendants brought in the additional parties, and this was not objected to by plaintiff. The legal difference arising between the original and new parties ought not to prejudice plaintiff's action. N.C. Code, 1935 (Michie), sec. 460, in part, is as follows: "The court, either between the terms or at a regular term, according to the nature of the controversy, may determine any controversy before it when it can be done without prejudice to the rights of others, but when a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in," etc.
The appealing defendants cite this section. It is not applicable to the facts on this record. We think bringing in the Traveller's Insurance Company cannot be done without prejudice to plaintiff. See Rowe v.Rowe-Coward Co., ante, 484.
The judgment of the court below is
Affirmed.