H. A. IKERD v. NORTH CAROLINA RAILROAD COMPANY AND TRAVELERS INSURANCE COMPANY.

(Filed 22 January, 1936.)

1. **Master and Servant F a—Right of injured employee to maintain suit against third person tort-feasor.**

Construing the amendment of the Workmen's Compensation Act by sec. 1, ch. 449, Public Laws of 1933, *it is held:* An injured employee may maintain an action in his own name against a third person tort-feasor

when the employer has failed to institute such action within six months after the injury, and any recovery should be paid in the same manner as if the employer had brought the action.

2. **Statutes B a—**

Where the terms of a statute are ambiguous or its grammatical construction is doubtful, the courts may control the language to give effect to what they suppose to have been the real legislative intent.

APPEAL by defendant railroad company from judgment overruling a demurrer entered by *McElroy, J.,* at May Term, 1935, of DAVIDSON. Affirmed.

*McCrary & DeLapp for plaintiff, appellee.*
*Walser & Walser and Linn & Linn for defendant, appellant.*

SCHENCK, J. On 11 September, 1934, the plaintiff instituted this action against the defendant railroad company to recover damages for personal injuries alleged to have been suffered in a collision between a truck of the Jewel Cotton Mills, driven by the plaintiff, and the train of the defendant on 14 February, 1934. Upon motion of the plaintiff, the Travelers Insurance Company was made party defendant on 4 April, 1935, and in a supplemental complaint it is alleged that on 15 June, 1934, the plaintiff received an award under the provisions of the Workmen's Compensation Act from the Travelers Insurance Company, the insurance carrier of his employer, the Jewel Cotton Mills, on account of the injuries referred to in his original complaint, and further alleged that six months had passed from the date of the injury to the institution of this action. Whereupon the defendant North Carolina Railroad Company demurred to the plaintiff's complaint and supplemental complaint for that it appeared from the face thereof that there is a defect in parties plaintiff in that this action is not instituted by the plaintiff in his own name and that of his employer, or employer's insurance carrier.

This demurrer calls for a construction of a sentence in section 1, chapter 449, Public Laws of 1933, being an act to amend chapter 120, Public Laws of 1929, known as "The Workmen's Compensation Act," with relation to settlements in cases involving third parties. This act is brought forward in North Carolina Code of 1935 (Michie) as section 8081 (r), and the particular sentence that we are called upon by the demurrer to construe reads as follows: "If, however, the employer does not commence such action within six months from the date of such injury or death, the employee, or his personal representative, shall thereafter have the right to bring the action in his own name, and the

employer, and any amount recovered shall be paid in the same manner as if the employer had brought the action." It is evident that the draftsman of the statute either inserted the words "and the employer" through inadvertence, or omitted other words clarifying their meaning. As written, these words have no proper grammatical place in the sentence, and render the whole sentence ambiguous and doubtful. So we are impelled to hold, in construing the sentence, that these words are surplusage, and as such must be disregarded. When they are omitted the sentence has a definite meaning, which meaning is both clear and logical, namely, that if after the expiration of six months from the date of the injury or death, the employer has not commenced an action, the employee, or his personal representative, shall thereafter have the right to bring an action in his own name, and that any amount recovered shall be paid in the same manner as if the employer had brought the action. We think that such construction conforms to the clear purpose of the act as a whole and effectuates the obvious intention of the Legislature. *Fortune v. Commissioners,* 140 N. C., 322. In construing a statute whose terms give rise to some ambiguity, or whose grammatical construction is doubtful, the courts may exercise the power of controlling the language in order to give effect to what they suppose to have been the real intention of the lawmakers. *Whitford v. Insurance Co.,* 163 N. C., 223.

Under the construction we have placed upon the sentence of the statute under consideration it is manifest that the demurrer was properly overruled, and that the judgment of the Superior Court should be

Affirmed.