GERTRUDE SAYLES, ADMINISTRATRIX OF THE ESTATE OF TALMADGE SAYLES, DECEASED, v. V. P. LOFTIS.

(Filed 8 June, 1940.)

1. **Negligence § 1—**

   Allegations that defendant felled a tree in close proximity to plaintiff's intestate without warning intestate so as to enable him to escape to a place of safety and that the tree struck and killed intestate, *is held* to state a cause of action.

2. **Pleadings § 29—Denial of motion to strike held not error under rule that pleading will be liberally construed.**

   In reply to plaintiff's allegation that intestate was struck and killed by a tree felled by defendant, defendant admitted that as the tree accidentally fell in an unforeseeable manner it accidentally struck and killed intestate, without fault on the part of defendant. *Held:* The refusal of the court to grant plaintiff's motion to strike the paragraph of the reply, or the parts thereof inartificially setting up a defense, is not held for reversible error, plaintiff's more appropriate remedy being a motion to make *defendant's pleading more definite and certain.* C. S., 537, 535, 522, 519.

**3. Same: Master and Servant § 44—In action for wrongful death, motion to strike allegations upon which were predicated defense that Industrial Commission had exclusive jurisdiction should have been granted.**

This action was instituted by an administratrix to recover for wrongful death of intestate. It appeared from the allegations and admissions that intestate was an employee of a subcontractor of defendant contractor, and was killed by a tree felled on the job. Defendant's answer alleged facts upon which it contended that the cause alleged was within the exclusive jurisdiction of the Industrial Commission, and that an award had been made under the Compensation Act and any right of action against defendant assigned, and that plaintiff does not have the right, or sole right, to maintain the action. Plaintiff moved to strike such allegations from the complaint. *Held:* Upon the record as constituted plaintiff's motion to strike should have been granted. Michie's Code, 8081 (r), 8081 (aa).

**4. Pleadings § 29—**

The test upon a motion to strike is whether the alleged matter is competent to be shown upon the trial.

APPEAL by plaintiff from *Alley, J.,* at 15 April, 1940, Civil Term, of GUILFORD. Modified and affirmed.

This is an action for actionable negligence, brought by plaintiff against the defendant alleging damage. The action is for alleged wrongful death. N. C. Code, 1939 (Michie), sec. 160. The complaint, verified by plaintiff, was filed on 17 February, 1940, and therein it is alleged that plaintiff's intestate was killed on 21 August, 1939, by the negligent felling of a tree by defendant in close proximity to plaintiff's intestate, without warning him so as to enable him to escape to a place of safety.

From the face of the complaint and admissions contained in the answer, it appears that, on the day complained of, defendant was engaged as a general contractor on a project upon which the employer of plaintiff's intestate was engaged as a subcontractor. In the complaint there is no mention of or reference to workmen's compensation, the Workmen's Compensation Act, or any compensation or other benefits under said act or any matters pertaining thereto. The answer contains three paragraphs to which plaintiff objects, namely, Article 16, and Articles 1 and 2 of the further answer. In Article 16 defendant in admitting certain allegations of the complaint has inseparably interwoven in the form of admissions certain matters he alleged. Plaintiff by motion seeks to strike said article or the portion thereof constituting its defects. In Articles 1 and 2 of the further answer defendant pleads the Workmen's Compensation Act, a settlement (it is not indicated by whom) of all liabilities and perforce an assignment of any right of action against him in bar of plaintiff's further proceeding. Plaintiff, by motion, seeks to strike said articles. Upon the hearing of plaintiff's motion in the Superior Court, it was denied, and plaintiff excepted, assigned error and

appealed to the Supreme Court. The exceptions and assignments of error and other necessary facts will be set forth in the opinion.

*Hobgood & Ward, Chas. M. Ivey, Jr., and Z. H. Howerton for plaintiff.*
*Sapp & Sapp for defendant.*

CLARKSON, J. The allegations of the complaint set forth a cause of action. In the case of *Riggs v. Mfg. Co.*, 190 N. C., 256, where a workman was injured by the falling of a tree without notice, this Court said: "The warning must not only be given, but it must be a timely warning— proper warning. Such reasonable time so that workmen can avoid injury."

Article 16 of the complaint is as follows: "That as said tree fell it struck plaintiff's intestate with great force and killed him. Article 16 of the answer is as follows: "The defendant admits that as the tree accidentally fell in a totally unforeseeable manner it accidentally struck plaintiff's intestate, causing injuries from which he died, without fault on the part of this defendant."

Appellant (plaintiff) moved to strike the above quoted paragraph of the answer, or, in lieu of striking the same in its entirety, to strike the word "accidentally" from each of the places where it appears, the words "in a totally unforeseeable manner" and the words, "without fault on the part of this defendant." The plaintiff contends that the paragraph of the answer about which appellant complains is evasive and irresponsive; and being so it does not conform to the applicable statutory requirements.

N. C. Code, 1939 (Michie), sec. 519, is as follows: "The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. 2. A statement of any new matter constituting a defense or counterclaim in ordinary and concise language, without repetition."

The answer denies liability and at the same time inartificially sets up a defense—N. C. Code, *supra,* sec. 522. Under the facts and circumstances of this case, we cannot uphold plaintiff's motion to strike, under our liberal practice.

N. C. Code, *supra,* sec. 535, is as follows: "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

We think a motion by plaintiff to make the pleading by defendant "definite and certain by amendment" would be a more correct procedure than to "strike." N. C. Code, *supra,* sec. 537.

The second motion of plaintiff to strike is more serious. Plaintiff moves "To strike from the answer of the defendant Article 1 of the further answer, for that: The averments of said article are immaterial and would not, if true, constitute a defense or a portion of a defense. . . . The averments appearing in said article after the second semicolon merely state a conclusion or conclusions of law, and at that an incorrect conclusion or conclusions. . . . Motion to strike Article II of the further answer, the terms and provisions of the North Carolina Workmen's Compensation Act and the alleged assignment of the right of action by the defendant do not constitute a plea in bar or a defense or a portion of a defense and are immaterial."

The said article for which plaintiff moves to strike being as follows: "That prior to and on the 21st day of August, 1939, this defendant employed more than five regularly; that he operated under the terms and conditions of the North Carolina Workmen's Compensation Act, as did his employees; that by the terms and provisions of the North Carolina Workmen's Compensation Act, the exclusive jurisdiction for the determination of the matters and things arising herein is in the North Carolina Workmen's Compensation Commission created by the terms and provisions of the North Carolina Workmen's Compensation Act, and defendant pleads the want of jurisdiction of this Court as a bar to plaintiff's further proceedings herein. . . . The defendant avers that all liabilities created and existing under and by virtue of the terms and provisions of the North Carolina Workmen's Compensation Act have been settled and determined; that by this procedure an assignment of the right of action, if any existed, all of which this defendant denies, against him, was consummated; that plaintiff is not the real party in interest and does not have the right, or the sole right, to maintain this action and defendant pleads the terms and provisions of the North Carolina Workmen's Compensation Act and the assignment of the right of action against him, if any existed, which he denies, as a bar to plaintiff's further proceedings herein."

The defendant contends that his answer is predicated upon section 11 of the North Carolina Workmen's Compensation Act (Michie's Code, 8081-r) and section 19 of the act (Michie's Code, 8081-aa), *et seq.*

The approved test upon such a motion to strike is whether the alleged matter is competent to be shown at the trial. *Pemberton v. Greensboro,* 203 N. C., 514. We think the question here presented has been considered and determined, adversely to defendant's contention, by this Court. *Brown v. R. R.,* 202 N. C., 256; *Mack v. Marshall Field & Co., ante,* 55.

We predicate this opinion on the record as now presented to this Court.

For the reasons given, the judgment of the court below is

Modified and affirmed.