WHITEHEAD & ANDERSON, INCORPORATED, TRADING AS LUMBERTON TOBACCO REDRYING COMPANY, AND LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK v. H. G. BRANCH, TRADING AS BRANCH TRANSFER COMPANY, AND BENJAMIN A. JOLLEY.

(Filed 10 December, 1941.)

**1. Death § 3—**

A right of action for wrongful death rests exclusively upon statute, C. S., 160, and the suit must be begun and prosecuted in strict accordance with the statutory provisions.

**2. Death § 5: Master and Servant § 44—Insurance carrier cannot maintain action for wrongful death of employee in its own name.**

Since the North Carolina Workmen's Compensation Act expressly provides that the subrogated right of action against the third person tortfeasor in favor of the insurance carrier paying compensation for which the employer is liable, must be maintained in the name of the injured employee or his personal representative, ch. 449, Public Laws 1933, the Act does not change or modify the requirement of C. S., 160, that an action for wrongful death must be maintained by the administrator of the deceased, and the insurance carrier cannot maintain the action for wrongful death in its own name against the third person tort-feasor.

**3. Master and Servant § 44—**

Under the amendment of the Workmen's Compensation Act by ch. 449, Public Laws 1933, an injured employee may pursue his remedies against the employer under the Act and also maintain action against the third person whose tortious act caused his injury.

**4. Same: Death § 5—Suit for wrongful death of employee, instituted by employer and insurance carrier held properly dismissed.**

An employee was fatally injured in an accident caused by the negligence of a third person. The employee's administrator recovered judgment in an action for wrongful death against such third person. Thereafter the employer and the insurance carrier, which had paid the compensation to the dependents of the employee, instituted this action in their own names against the third person tort-feasor to recover for the wrongful death. *Held:* Defendant's motion to dismiss was properly allowed, notwithstanding that the administrator's action was instituted within six months from date of death, since defendants, having paid the judgment

for wrongful death obtained by the administrator, were relieved of all further liability on said cause of action either to the administrator or to those claiming a subrogated right to recover therefor under the provisions of the Compensation Act.

APPEAL by plaintiffs from *Parker, J.,* at October Term, 1941, of ROBESON. Affirmed.

Plaintiffs, employer and insurance carrier, respectively, instituted action against the defendants as independent tort-feasors to recover· damages for the wrongful death of Bonnie Taylor, an employee. It was alleged that plaintiff insurer had paid the compensation awarded under the Workmen's Compensation Act for the injury and death of the employee.

Upon the facts set out in the pleadings, the defendants moved to dismiss the action on the ground that the action, being for damages for wrongful death, could be brought only by the administrator of Bonnie Taylor, and that the plaintiffs had no legal capacity to maintain the suit. The trial judge allowed the motion, being of opinion that under C. S., 160, the plaintiffs alone could not maintain the action. From judgment dismissing the action, plaintiffs appealed.

*Jones & Smathers and Johnson & Timberlake for plaintiffs, appellants.*

*Dameron & Young and McLean & Stacy for defendant, appellee.*

DEVIN, J. The single question presented by this appeal is whether the insurance carrier and the employer, under the Workmen's Compensation Act, may maintain an action in their own names, alone, against an independent tort-feasor for the wrongful death of an employee where compensation has been paid or liability therefor assumed by the insurance carrier. Must the suit be brought by the administrator of the employee whose death is alleged to have been caused by the negligence of third parties?

The facts pertinent to this question are not controverted. Bonnie Taylor, an employee of plaintiff Whitehead & Anderson, received a fatal injury by accident arising out of and in the course of his employment. Compensation was awarded to his dependents by the Industrial Commission, under the Workmen's Compensation Act, and this was paid by the employer's insurance carrier. The administrator of the deceased employee brought suit against the defendants for damages for the wrongful death of his intestate, and recovered a judgment therefor in the Superior Court, which judgment the defendants have paid in full. The present action, in the names of the insurance carrier and the employer was instituted within six months after the death of Bonnie Taylor.

The following provision is contained in the Workmen's Compensation Act (ch. 449, Public Laws 1933; Michie's Code, sec. 8081 [r]) : "When any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all rights and duties of the employer, and may enforce any such rights in the name of the injured employee or his personal representative." It was said in *Thompson v. R. R.,* 216 N. C., 554, 6 S. E. (2d), 38, referring to this statute, that the rights and remedies granted by the Act to an employee to secure compensation for an injury by accident, as against his employer, were exclusive, but that the provision making the remedy exclusive did not appear in the clause relating to suits against third persons. This statement of the law was cited with approval in *Mack v. Marshall Field & Co.,* 217 N. C., 55, 6 S. E. (2d), 889.

The right to recover damages for the death of a human being caused by the wrongful or negligent act of another did not exist at common law, and is altogether governed by statute. The right of action in this State is conferred by C. S., 160, and the suit must be begun and prosecuted in strict accordance with the provisions of this statute. *Tieffenbrun v. Flannery,* 198 N. C., 397, 151 S. E., 857; *Brown v. R. R.,* 202 N. C., 256, 162 S. E., 613. There is nothing in the North Carolina Workmen's Compensation Act which has the effect of amending or changing this established rule when recovery is sought against an independent tortfeasor for the wrongful death of an employee subject to the provisions of the Act. Ch. 120, Public Laws 1929; ch. 449, Public Laws 1933. The reference in the statute to the right of subrogation accruing to the insurance carrier upon payment of the compensation awarded is coupled with the designation that the enforcement of such right be in the name of the injured employee or his personal representative.

The plaintiff Insurance Company relies upon *Ætna Ins. Co. v. Moses,* 287 U. S., 530, where it was held, in a case arising under the District of Columbia Compensation Act, that, in accord with the applicable provisions of the statute in force in that jurisdiction as well as the general principles of subrogation, the payment of compensation under that Act operated as a complete transfer and assignment to the employer or his insurance carrier of the right of recovery for wrongful death of the employee, and that this would authorize the employer to maintain suit against the tort-feasor without joining the administrator. But the statute applicable to the District of Columbia and referred to in that case (U. S. C. title 33, sec. 933, and ch. 612, 45 St. at L., 600) required an election by the employee either to claim compensation under the Act, or to recover damages against the third person, and provided that accept-

ance of compensation should operate as an assignment to the employer of right to recover damages against the third person. The right of action by subrogation accorded the employer under this statute was available to the insurance carrier who had paid the compensation. *Ætna Ins. Co. v. Moses, supra.* But the insurer alone could not bring an action against the third party. *Globe Indemnity Co. v. Atlantic Lighterage Corp.,* 271 N. Y., 234. See, also, *Doleman v. Levine,* 295 U. S., 221.

It will be noted that the provision in the North Carolina Workmen's Compensation Act requiring an election as to remedies by the injured employee, contained in the Act of 1929, was eliminated by the amendment of 1933. The injured employee may in accordance with the Act pursue remedies against the employer under the Act, and also maintain action against the third party whose tortious act caused his injury. *Sayles v. Loftis,* 217 N. C., 674, 9 S. E. (2d), 393.

In the case at bar it appears that compensation under the Workmen's Compensation Act was obtained for the benefit of the dependents of the employee, and that his administrator also instituted action for damages for the wrongful death of the employee against the defendants as independent tort-feasors, and obtained judgment therefor, and the judgment has been paid by the defendants. The defendants, by the payment of the judgment in that suit, secured complete acquittance from their liability for the negligence which caused the death of Bonnie Taylor. Thus the administrator, who alone is authorized under C. S., 160, to maintain action against the defendants, has exercised in full his right and duty in this instance, and no right or chose in action remains capable of assignment by any act of his, or by virtue of the statute, or upon general principles of subrogation. It is obvious that the circumstances of this case do not admit of an interpretation which would regard the payment of the compensation awarded dependents of the deceased employee as constituting an assignment by operation of law of the right of action, capable of enforcement by the assignee against the third party, for wrongful death of the employee, when by valid judgment the personal representative of the deceased employee is estopped to maintain action against such third party.

The fact that the administrator of the deceased employee instituted action for wrongful death against the defendants within the six months' period mentioned in the statute may not be held to the prejudice of the defendants, who have been compelled by the adversary suit of the administrator to pay the damages adjudged for the death of the deceased employee caused by their negligence. Compensation for the tort of which they have been adjudged guilty, has been paid in full. They are entitled to be relieved of further suit for the same cause, whether insti-

tuted by the administrator, or by one claiming to be subrogated to his rights, either directly or through the employer. The employer is named as one of the parties plaintiff in this action, but it has no interest in the action, having paid nothing, nor suffered injury.

For these reasons, we conclude that the judgment of the Superior Court must be

Affirmed.