MARY LEONA JONES v. OTIS ELEVATOR COMPANY, a CORPORATION.

(Filed 14 December, 1949.)

**1. Master and Servant § 41—**

Where neither the employer nor its insurance carrier has brought action against the third person tort-feasor within six months from the date of the injury, the injured employee may maintain such action in her own name. G.S. 97-10.

**2. Same—**

Neither the employer nor its insurance carrier are proper or necessary parties to an action instituted by the injured employee against the third person tort-feasor more than six months from the date of the injury, no action having been instituted by the employer or its insurance carrier.

**3. Torts § 5—**

Where plaintiff alleges that the negligence of defendant was the proximate cause or one of the proximate causes of her injury, such defendant may not maintain that another party is necessary to be joined on its contention that the negligence of such other party contributed to the injury, since even so, plaintiff would be entitled to sue either joint tort-feasor separately.

**4. Courts § 15—**

In an action to recover for negligent injury sustained in another state the *lex fori* governs the procedure but the *lex loci* determines the substantive rights of the parties.

**5. Contracts § 19: Negligence § 15—**

Where the subject matter of a contract is a dangerous instrumentality or the breach of the contract involves imminent danger to the lives and property of others, a person injured as a result of a breach of the contract may sue the party whose breach resulted in his injury even though the

injured person is not a party or privy to the contract, since the action is bottomed on negligence constituting a breach of duty imposed by law and not upon breach of the contract.

**6. Same—**

While an elevator is not necessarily an inherently dangerous instrumentality, it becomes imminently dangerous unless kept in proper repair, and therefore a party entitled to use an elevator in a building, who is injured by reason of the failure of a safety device devised to make it impossible to open a door to the elevator shaft unless the cage of the elevator is at that floor, may maintain an action against the party who is under continuing contractual duty to the owner of the building to maintain the elevator in proper repair.

APPEAL by defendant from *Williams, J.,* at August Term, 1949, of LENOIR.

This is an action instituted by the plaintiff on 26 March, 1949, to recover for injuries which she sustained as the result of falling in an elevator shaft in Memorial Hall, Richmond, Va., on 28 March, 1948, which injuries she alleges were sustained by reason of the failure of the defendant to keep the elevator in said building in proper repair, in accordance with the terms of a written contract between the defendant and the Medical College of Virginia, Hospital Division (hereinafter called Medical College of Virginia), the owner of said Memorial Hall.

It is further alleged that the plaintiff at the time of her injury was an employee of the Goldsboro Hospital, Inc., and had been assigned to duty in the Medical College of Virginia for further training; that under the terms and provisions of her contract of employment with the Goldsboro Hospital, Inc., on 28 March, 1948, it was the duty of the Goldsboro Hospital, Inc., to provide her with living quarters, and, through the Medical College of Virginia, it did provide the plaintiff with living quarters in the building known as Memorial Hall, 1201 East Broad Street, Richmond, Va.

It is alleged that the defendant, on 28 May, 1945, entered into a contract with the Medical College of Virginia, which contract was in effect at the time of plaintiff's injury, and in which the defendant obligated itself to use all reasonable care to maintain the passenger elevator in Memorial Hall in proper and safe operating condition, to inspect it weekly; and to examine, lubricate, adjust, and if in its judgment conditions warranted, repair or replace the following accessory equipment: Selectors, electric operators, door closers, electric interlocks, car doors, car gates, door hangers, etc.

The plaintiff alleges that by reason of the improper maintenance of the elevator by the defendant, she was lured into the open elevator shaft in a poorly lighted hall on the third floor of said building, that she fell to the first floor on top of the elevator and received serious and permanent

injuries; and she further alleges, among other things, that the defendant, in violation of its contract so maintained "the said elevator that the door closures, electric inter-locks and other apparati (apparatus) forming a part of the elevator unit would not operate or perform the function for which such units were designed and installed, and so as to cause the elevator cage and/or carriage to move and/or be moved from one floor in the said building to the other while the door to the elevator well was open, to enable one to open the door to the elevator well when the cage or carriage was not at that floor."

It is also alleged that the plaintiff has filed a claim with the N. C. Industrial Commission, seeking to recover compensation under the provisions of the N. C. Workmen's Compensation Act, as an employee of the Goldsboro Hospital, Inc., but no award has been made, neither has the employer or its carrier, The Travelers Insurance Company, admitted or accepted liability for the injuries sustained by her, and that more than six months has expired since the date of her injury, and that this action is brought on behalf of plaintiff, her employer and its insurance carrier.

The defendant demurred to the complaint on the following grounds:

1. That it appears on the face of the complaint that there is a defect of parties plaintiff and defendant, in that: (a) The Goldsboro Hospital, Inc., and its carrier, Travelers Insurance Company, are real parties in interest and are proper and necessary parties plaintiff in this action; (b) The Medical College of Virginia is a proper and necessary party defendant.

2. That the complaint does not state facts sufficient to constitute a cause of action against the defendant, Otis Elevator Company for the following reasons: (a) That the plaintiff alleges a contract between the Otis Elevator Company and the Medical College of Virginia, which is not a party to the action, and no privity of contract exists between the plaintiff and the parties to said contract; (b) the contract referred to herein, creates no duty on the part of this defendant to the plaintiff, since she is a third party, and no privity of contract exists between them.

3. That it appears on the face of the complaint that the court has no jurisdiction of the subject matter of this action, in that the N. C. Industrial Commission has exclusive jurisdiction thereof.

The demurrer was overruled, and the defendant appeals and assigns error.

*J. A. Jones, Weston O. Reed, and Thomas B. Griffin for plaintiff.*
*Whitaker & Jeffress for defendant.*

DENNY, J.   We shall first consider the challenge to the jurisdiction of the court.  It is contended that the N. C. Industrial Commission has

exclusive jurisdiction of this cause. The contention cannot be upheld in light of the provisions of our Workmens' Compensation Act and the facts as alleged in plaintiff's complaint.

It is provided in G.S. 97-10 that the rights and remedies granted to an employee, where he and his employer have accepted the provisions of the Workmen's Compensation Act, shall exclude all other rights and remedies of such employee, as against his employer at common law, or otherwise, on account of any injury. However, the statute further provides "that in any case where such employee . . . may have a right to recover damages for such injury . . . from any person other than the employer, compensation shall be paid in accordance with the provisions of this chapter: Provided, further, that after the industrial commission shall have issued an award, or the employer or his carrier has admitted liability in writing and filed same with the industrial commission, the employer or his carrier shall have the exclusive right to commence an action in his own name and/or in the name of the injured employee or his personal representative for damages on account of such injury or death, . . . .If, however, the employer does not commence such action within six months from the date of such injury or death, the employee, or his personal representative, shall thereafter have the right to bring the action in his own name, and any amount recovered shall be paid in the same manner as if the employer had brought the action." *Peterson v. McManus,* 208 N.C. 802, 182 S.E. 483; *Ikerd v. R. R.,* 209 N.C. 270, 183 S.E. 402, 106 A.L.R. 1061n; *Mack v. Marshall Field & Co.,* 217 N.C. 55, 6 S.E. 2d 889; *Sayles v. Loftin,* 217 N.C. 674, 9 S.E. 2d 393; *Whitehead & Anderson, Inc., v. Branch,* 220 N.C. 507, 17 S.E. 2d 637; *Eledge v. Light Co.,* 230 N.C. 584, 55 S.E. 2d 179.

The plaintiff was injured on 28 March, 1948, and at the time of the institution of this action, on 26 March, 1949, more than six months having expired from the date of her injury, she was authorized by the statute to institute an action against any third party or parties who in her opinion contributed to her injury, and the defendant is in no wise affected by our Workmen's Compensation Act. It is an outsider, a third party, and is given no rights nor is it relieved of any liability under its provisions. *Hinson v. Davis,* 220 N.C. 380, 17 S.E. 2d 348.

Likewise, on the question of parties, since it appears on the face of the complaint, that no award has been made by the N. C. Industrial Commission, and neither the employer nor its carrier has admitted or accepted liability, they are neither necessary nor proper parties. The employer or his carrier becomes subrogated to the rights of the employee, under the provisions of our Workmen's Compensation Act, only after the payment of an award to the injured employee, or his personal representative, or where the employer or his carrier has admitted liability in writing and

filed same with the N. C. Industrial Commission, G.S. 97-10. Moreover, when the employer or his carrier is subrogated to the rights of an employee, the action may be brought in the name of the injured employee or his personal representative, and neither the employer nor his insurance carrier is a necessary or proper party to the action. *Brown v. R. R.*, 202 N.C. 256, 162 S.E. 613; *Eledge v. Light Co., supra.*

The defendant also contends the Medical College of Virginia is a necessary and proper party to this action. We do not agree with this contention. The plaintiff alleges that her injury was proximately caused by the negligence of the defendant. The burden is upon her to prove her allegations in this respect, and she may do so by proving that the negligence of the defendant was the proximate cause, or one of the proximate causes, of her injury. And it makes no difference, in so far as her right to maintain this action is concerned, whether or not the negligence of the Medical College of Virginia and the negligence of the defendant jointly and severally produced her injury. For where negligence is joint and several, the injured party may elect to sue either of the joint tort-feasors separately or any or all of them together. *Hough v. R. R.,* 144 N.C. 692, 57 S.E. 469; *Hipp v. Farrell,* 169 N.C. 551, 86 S.E. 570; *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126; *Godfrey v. Power Co.,* 223 N.C. 647, 27 S.E. 2d 736.

The final question for determination is whether or not the complaint states a cause of action against the defendant.

The *lex fori* governs the procedure in this cause of action; but the *lex loci* determines the substantive rights of the parties. Hence, their substantive rights are governed by the law of Virginia. *Charnock v. Taylor, supra.*

The demurrer was interposed on the ground that no privity of contract exists between this plaintiff and the defendant. Therefore, it contends the action is not maintainable. We do not concur in this view. Ordinarily an action in tort, founded upon a breach of contract, cannot be maintained by one who is not a party or privy to the contract. 12 Am. Jur. 818. But the general rule is subject to certain well recognized exceptions. And among the exceptions is where a dangerous instrumentality is involved, or where the act complained of is imminently dangerous to the lives and property of others. In such case the injured party, whether a party or privy to the contract or not, may maintain an action against the party whose breach of the contract resulted in his injury. Even so, such action is not bottomed on the breach of the contract, but on the alleged negligence committed in its breach, which negligence constitutes a breach of duty imposed by law. 12 Am. Jur. 820, *et seq.*

It is said in 45 C.J. 650: "The law may impose duties additional to those specified in a contract or independent of it, and one may owe two

distinct duties in respect of the same thing, one of a special character to a particular individual, growing out of special relation to him, and another of a general character to those who would necessarily be exposed to risks or danger or loss through the negligent discharge of such duty. Privity of contract is not necessary where the duty which was breached, although connected with the subject matter of a contract, was not created by the contract, as in a case where one who has been employed to perform certain work is guilty of such negligence in connection with the performance thereof as to cause injury to a person other than his employer, or where the thing dealt with is inherently dangerous."

Likewise, in 38 Am. Jur. 664, it is said: "No privity of contract is essential to support liability for negligence in respect of acts or instrumentalities which are imminently dangerous. The liability in such instances is independent of privity of contract and depends merely on the duty of every man to act so as not to injure the persons or property of others." Cooley on Torts, Vol. 3, p. 498; *Nat. Savings Bank v. Ward*, 100 U.S. 195, 25 L. Ed. 621; *Goodlander Mill Co. v. Standard Oil Co.* (C.C.A. 8th) 63 F. 400, 27 L.R.A. 583; *American Oil Co. v. Nichols*, 156 Va. 1, 157 S.E. 754; *Standard Oil Co. v. Wakefield*, 102 Va. 824, 47 S.E. 830, 66 L.R.A. 792; *MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916 F. 696; *Devlin v. Smith*, 89 N.Y. 470, 42 Am. Rep. 311.

In the case of *Standard Oil Co. v. Wakefield's Admr., supra*, the Standard Oil Company shipped to the City of Richmond a car of naphtha, for use in making gas. In unloading the car, owing to a defective valve the flow could not be regulated, the naphtha escaped, ran into a sewer near the gas works, was ignited and killed an employee of the City who was helping to unload the car. The Oil Company contended, as the defendant does here, that since no contractual relationship existed between it and the plaintiff's intestate, it did not owe to him the duty of keeping the valve in the car in a reasonably safe condition, and was not, therefore, guilty of any negligence as to him. But the Court said: "It seems to be a well-settled rule of the common law that a person who negligently uses a dangerous instrument or article, or causes or authorizes its use by another in such a manner or under such circumstances that he has reason to know that it is likely to produce injury, is responsible for the natural and probable consequences of his act to any person injured who is not himself at fault. The liability does not depend upon privity of contract between the parties to the action, but on the duty of every man to so use his own property as not to injure the persons or property of others." This decision was approved and followed in *American Oil Co. v. Nichols, supra*.

The facts in *Overstreet v. Security Storage & Safe Deposit Co.,* 148 Va. 306, 138 S.E. 552, relied on by the appellant, are distinguishable from those alleged in the instant case.

We understand the elevator involved in this action was what is known as an automatic electrically operated elevator, and was equipped with various safety devices, including electric interlocks. Such safety devices, when in proper condition, make it impossible, in its ordinary use, to open a door to the elevator shaft, unless the cage of the elevator is at the floor where such door is located. *Hood v. Mitchell,* 206 N.C. 156, 173 S.E. 61; *Jacobi v. Builder's Realty Co.,* 174 Cal. 708, 164 Pac. 394, 69 L.R.A. 1917-E, 696. And while an elevator is not necessarily an inherently dangerous instrumentality, it certainly becomes imminently dangerous unless it is kept in proper repair. The defendant obligated itself to keep the elevator in question in safe operating condition and to inspect it weekly. The obligation was a continuing one. It had been receiving a substantial monthly consideration for this maintenance and inspection service since 1 August, 1945. It is now in no position, under the facts alleged, to deny that it owed any legal duty to the plaintiff or others quartered in Memorial Hall by the Medical College of Virginia. Apparently the elevator was being maintained for the use of students and others, either attending or employed by the Medical College of Virginia, who were quartered in this dormitory.

Whether or not the plaintiff can prove her allegations of negligence against the defendant, is a matter with which we are not concerned on this appeal. But, on the record before us, we think his Honor was correct in overruling the demurrer to the jurisdiction of the court, for lack of necessary and proper parties, and on the ground that the complaint fails to state a cause of action.

The judgment of the court below is

Affirmed.