Marlene MUELLER, etc., Plaintiff,

v.

DAUM & DEWEY, INC., et al., Defendants.

Mary SHARPE, etc., Plaintiff,

v.

DAUM & DEWEY, INC., et al., Defendants.

Beulah Mae ANTHONY, etc., Plaintiff,

v.

DAUM & DEWEY, INC., et al., Defendants.

Bernadette A. LANI, etc., Plaintiff,

v.

DAUM & DEWEY, INC., et al., Defendants.

Ruth Ann ORNDOFF, etc., Plaintiff,

v.

DAUM & DEWEY, INC., et al., Defendants.

Nos. 85–73–CIV–2, 85–74–CIV–2, 85–75–CIV–2, 85–76–CIV–2 and 85–80–CIV–2.

United States District Court, E.D. North Carolina, Elizabeth City Division.

May 9, 1986.

---

J. David Duffus, Jr., Dixon, Duffus & Doub, Greenville, N.C., for plaintiff.

Gerald F. White, John H. Hall, Jr., Elizabeth City, N.C., for Indus. Risk Insurers.

David P. Sousa, Young, Moore, Henderson and Alvis, Raleigh, N.C., for John Cuber and for New Jersey Aluminum in No. 85–80–CIV–2.

Nigle B. Barrow, Jr., Donald M. Tucker, Jr., Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, N.C., for The Hartford Steam Boiler Inspection and Ins. Co.

Ronald G. Baker, Baker, Jenkins, & Jones, Ahoskie, N.C., for Daum & Dewey, Inc.

Donald C. Prentiss, Hornthal, Riley, Ellis & Maland, Elizabeth City, N.C., for Traveler's Ins. Co.

## ORDER

DUPREE, District Judge.

These wrongful death actions are before the court on the motion of defendant Indus-

trial Risk Insurers (IRI) for summary judgment. Defendant contends that there are no genuine issues as to any material fact regarding plaintiffs' breach of contract and negligence claims, and that it is entitled to judgment as a matter of law. The time for response has run and plaintiffs have filed a memorandum opposing the motion.

## FACTUAL BACKGROUND

These actions arose as a result of an aluminum plant explosion at the Carolina Billets Plant in Ahoskie, North Carolina in September of 1983. Plaintiffs contend that this explosion occurred when water, utilized within a direct chill hot top casting unit, became entrapped in molten aluminum. In response to discovery requests, plaintiffs have stated that the casting unit in question was defectively designed and that the casting pit should have been recessed.

Defendant IRI provided property loss and business interruption insurance for the Carolina Billets facility. Pursuant to its contract with Easco Corporation,[1] which owned the plant, it conducted inspections of the facility prior to start-up. Plaintiffs contend that IRI made implied warranties to Easco prior to the accident that the plant was safe to operate, and that its failure to warn of the dangers in the casting unit constituted breach of contract. Plaintiffs further argue that defendant's actions constituted negligence for which it should be held liable for the resulting deaths.

## DISCUSSION

 In order for plaintiffs to recover under a breach of contract theory, they must show either that their decedents were parties to the property insurance contract between IRI and Easco or that they were third party beneficiaries to that contract. *Matternes v. City of Winston-Salem*, 286 N.C. 1, 209 S.E.2d 481 (1974). However, they have totally failed to make either

showing. The contract between IRI and Easco was to insure against loss relating to damage of the property and plant of the Carolina Billets Plant in Ahoskie. Defendant's Brief, Appendix G, ¶ 6. Easco's employees were not parties to the contract, and there is no indication that there was an intent to make them third party beneficiaries. Finally, plaintiffs' claim that defendant warranted the safety of the plant is belied by the policy itself, which specifically provides that neither the right of IRI to make inspections nor the making thereof would "constitute an undertaking, on behalf of or for the benefit of the Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation." Defendant's Brief, Appendix G., ¶ 40; *see also* Appendices E and F.

Thus, any failure by IRI to discover the alleged defect in the casting unit at the Ahoskie plant would, at most, create a cause of action for negligence. *Jones v. Otis Elevator Company*, 231 N.C. 285, 56 S.E.2d 684 (1949); *Matternes v. City of Winston-Salem, supra*. Therefore, defendant's motion for summary judgment on plaintiffs' breach of contract claim will be granted.

With respect to plaintiffs' negligence claim, the parties agree that the Restatement (Second) of Torts § 324A should control. *Argonaut Insurance Company v. Clark*, 154 Ga.App. 183, 267 S.E.2d 797 (1980); *see Quail Hollow East Condominium Association v. Donald J. Scholz Company*, 47 N.C.App. 518, 268 S.E.2d 12, *cert. denied*, 301 N.C. 527, 273 S.E.2d 454 (1980). That section provides as follows:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise rea-

---

1. Easco is the parent company of defendant New Jersey Aluminum Company, which was dismissed from this action by order dated March 7, 1986 on the ground that it was immune from suit pursuant to North Carolina's Workers' Compensation Act, N.C.G.S. § 97–9 and –10.1.

sonable care to protect his undertaking, if:

 (a) his failure to exercise care increases the risk of harm, or

 (b) he has undertaken to perform a duty owed by the other to the third person, or

 (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

 For subsection (a) to apply, plaintiffs would have to show that defendant made an inspection of the casting unit and discovered the alleged defect, yet failed to inform Easco of this defect. However, all of the depositions and answers to interrogatories indicate that, although IRI did conduct an inspection of the Ahoskie plant prior to start-up, the casting unit was not inspected, because IRI did not know of its dangerous propensities. Friedl Deposition, pp. 15, 45; Kaylor Deposition, p. 20. Thus, defendant may not be held liable under subsection (a), since it did not increase the risk of harm to the plaintiffs. *Argonaut Insurance Company v. Clark, supra,* 267 S.E.2d at 801.

The facts as set out in the depositions taken and interrogatories answered in this case also indicate that defendant may not be held liable under subsections (b) or (c). Employees of both IRI and Easco have stated in their depositions that IRI did not undertake to conduct safety inspections of the Ahoskie plant in place of Easco, and Easco did not rely on those inspections as proof, prior to start-up, that the plant was safe. Easco, not IRI, was responsible for seeing that the working conditions at the Ahoskie plant were safe. Bennett Deposition, p. 26; Strohman Deposition, pp. 29, 44–45; Erdman Deposition, p. 103.

Finally, the first paragraph of Section 324A states that to be held liable, the defendant must have undertaken to render services to another. Defendant asserts, and the insurance contract confirms, that any inspections it made of the Ahoskie plant would have been to determine the risk it would undergo in insuring the property against loss. Plaintiffs assert that these contentions are self-serving and should not be deemed credible for purposes of this motion. However, IRI's insurance contract with Easco made it clear as to why the inspections would have been made. IRI's reasons for making such inspections, that is, to determine their risk, were logical, and plaintiffs may not simply challenge the truthfulness of IRI's intentions without supporting facts.

Plaintiffs have conducted extensive discovery in this action and have failed to discover any facts which would indicate that IRI undertook to guarantee the safety of the casting unit at the Carolina Billets Plant in Ahoskie. That being the case, this court may not allow plaintiffs' claim against this defendant to go to trial where no material facts have been found which would support such a claim. Accordingly, defendant IRI's motion for summary judgment will be granted and plaintiffs' claims against it will be dismissed.

 SO ORDERED.