CHESTER BROWN, Administrator of M. T. ASKEW, Deceased, v. SOUTH-ERN RAILWAY COMPANY and J. E. DIVELBLISS and CHESTER BROWN.

(Filed 24 May, 1933.)

**Master and Servant F a—Third person may set up negligence of employer in action by employer to recover sum paid as compensation.**

In an action for wrongful death brought by the administrator of a deceased employee against a third person *tort-feasor*, and prosecuted for the benefit of the employer and his insurance carrier to recover the sum paid by them as compensation for the employee's death under the Compensation Act, N. C. Code, 8081(r), such third person may set up the employer's negligence in bar of recovery, since the employer will not be allowed to profit by his own wrong in causing the employee's death, and an order striking out the allegations in the answer setting up the employer's negligence is reversible error.

CONNOR, J., dissenting.

CLARKSON, J., concurs in the dissent.

CIVIL ACTION, before *Sink, J.,* at June Term, 1932, of BUNCOMBE.

This cause was considered by the court and the opinion reported in 202 N. C., 256, 162 S. E., 613, where the facts are set forth in detail.

After the decision was rendered the defendant filed an amended answer by leave of court alleging:

"1. That as stated in the affidavit of plaintiff administrator heretofore filed in this action, plaintiff's intestate, M. T. Askew, was at the time of his death an employee of Chester Brown, trading and doing business as Chero-Cola Bottling Company, and as such, the administrator of the said M. T. Askew, was entitled to receive and did receive and accept ·

compensation under the provisions of the Workmen's Compensation Act of the State of North Carolina, and that plaintiff herein, to wit: Chester Brown, administrator as aforesaid, pursuant to the terms and provisions of the said Workmen's Compensation Act of the State of North Carolina, accepted a settlement and award, on account of the fatal injury to the said M. T. Askew, made by the Industrial Commission of the State of North Carolina under the terms and provisions of the said act, and the amount so awarded by the said Industrial Commission has been paid to and accepted by the said Chester Brown, administrator aforesaid.

"2. That as stated in the opinion of the Supreme Court of North Carolina in this case (see 202 N. C., 256, 162 S. E., 613), the said Chero-Cola Bottling Company, or its insurance carrier, 'are primarily the beneficiaries in whose behalf the action is prosecuted by the plaintiff as the personal representative of the deceased employee.' That if an insurance carrier be the real party in interest in this case, then, and in that event, the rights of said insurance carrier would be such rights only as it acquired by way of subrogation from said employer, Chester Brown, trading and doing business as Chero-Cola Bottling Company.

"3. That the employer of the said M. T. Askew, to wit: the said Chester Brown, trading and doing business as the said Chero-Cola Bottling Company, was guilty of negligence which contributed to and proximately caused the death of the said M. T. Askew in the respects set forth in the original answer filed in this action by these defendants, and in the second and further answer and defense set forth therein; that the aforesaid negligence of the employer of the said M. T. Askew, to wit: Chester Brown, trading and doing business as said Chero-Cola Bottling Company, was the proximate cause of the death of the said M. T. Askew, and the said negligence of the said employer is here and now expressly pleaded in bar of any recovery in this action.

"4. That the aforesaid negligence of the said employer was the proximate cause of the death of the said M. T. Askew and the said negligence is here and now expressly pleaded in bar of any recovery in this action insofar as the said employer or its insurance carrier may be beneficiaries in whose behalf this action is prosecuted; that to allow any recovery in this action insofar as the case may be for the benefit of the said employer or the said insurance carrier, would be allowing the said employer (and the said insurance carrier to the extent that it may be subrogated) to profit by its own wrong, in that the negligence of the said employer as hereinbefore referred to contributed to and proximately caused the fatal injury and death of the said M. T. Askew."

Upon motion duly made by the plaintiff the trial judge struck out said amended answer for the reason that the same was "immaterial and irrelevant."

From the judgment so rendered the defendant appealed.

*Harkins, VanWinkle & Walton for plaintiff.*
*R. C. Kelly and Jones & Ward for defendants.*

BROGDEN, J. Is the defense of the contributory negligence of the employer available to a third party, in a suit by the employer against such third party to recover the sum paid by the employer as compensation for the negligent killing of an employee?

In the former decision in this case, reported in 202 N. C., 256, it was held that the employer was not a joint *tort-feasor* with the defendant so far as the rights of the estate of the deceased employee were concerned. The reason for such conclusion is that the compensation act established an exclusive remedy for an insured employee irrespective of his fault or negligence. Furthermore, the former decision was based upon the assumption that an award had been made by the Industrial Commission to the estate of the dead workman and that same was paid by the employer or his carrier. Consequently, this action is now prosecuted primarily for the benefit of the employer or his carrier for indemnity in the amount so paid.

The defendant by leave of court filed an amended answer as set out above and said to the employer in substance: "If it be conceded that I was negligent, you were also guilty of negligence. If I killed the deceased you participated actively in the killing, and sound public policy, sanctioned and adopted by decisions of the Supreme Court, forbids you to profit by your own wrong or to pluck good fruit from the evil tree of your own planting." The pertinent idea was declared in *Davis v. R. R.,* 136 N. C., 115, 48 S. E., 591, as follows: "The underlying principle in our view is that no one shall profit by his own wrong, and if the father's negligence, and not that of the railroad company, was the proximate cause of the death (under the doctrine of the 'last clear chance'), it would be obviously wrong to permit him to put money into his pocket for damages proximately caused by his own negligence, because sued for through an administrator (whether himself or another), yet for his benefit." The same thought was expressed in *Goldsmith v. Samet,* 201 N. C., 574, in these words: "In the instant case, therefore, if recovery were allowed, the amount would be divided between the two wrongdoers. This is also contrary to the policy of the law."

The identical question of law involved in this appeal has been considered in the following cases: *Graham v. City of Lincoln,* 183 N. W., 569 (Nebraska); *Fidelity Casualty Co. v. Cedar Valley Electric Company,* 174 N. W., 709 (Iowa); *Milo Serich Railway Co. v. Pacific Electric Ry. Co.,* 230 Pac., 15 (Cal.); *General Box Co. v. Missouri Utilities Co.,* 55 S. W. (2d), 442 (Missouri); *Thornton Bros. v. Reese,* 246 N. W., 527 (Minnesota); *Ryan Co. v. Sanitary District,* 236 Ill. Appellate, 511 (Ill.); *Otis Elevator Co. v. Miller & Paine,* 240 Fed., 376.

BROWN *v*. R. R.

The foregoing decisions are based upon compensation statutes with variable wording, and the courts proceed to the judicial conclusion announced therein, upon divergent theories of liability. It is to be noted, however, that all of said decisions except the Minnesota and Illinois cases, *supra,* deny the applicability of the defense of contributory negligence in suits by the employer or his carrier against a third party. The Minnesota and Illinois decisions, *supra,* adopt a different view upon the facts disclosed by the records upon which the decisions were based.

It is needless to undertake to analyze the compensation act or to enlarge upon its fundamental theories of liability. Manifestly the statute was designed primarily to secure prompt and reasonable compensation for an employee, and at the same time to permit an employer or his insurance carrier, who had made a settlement with the employee, to recover the amount so paid from a third party causing the injury to such employee. C. S., 8081(r). Moreover, the statute was not designed as a city of refuge for a negligent third party. Nevertheless, when the employee or his estate has been satisfied, and the employer seeks to recover the amount paid by him, from such third party, his hands ought not to have the blood of the dead or injured workman upon them, when he thus invokes the impartial powers and processes of the law.

It is insisted that if contributory negligence of the employer be recognized as a defense that in such event the negligent third party would escape liability and impose the burden of his negligence upon the employer. Upon the other hand, if such defense be not recognized, an employer could by his own negligence participate in the killing or injuring of the workman, pay for it, and then wash his hands of his own wrong merely because he brought a suit against the third party, who also contributed to the injury or death.

Furthermore, when the injured workman sues a third party to recover for his injuries, the contributory negligence of the workman, is an available defense, and therefore it would seem equally reasonable that when the employer prosecutes the suit for his own benefit, the same defense should not be denied. Certainly an employer is entitled to no greater immunity than his injured employee.

Considering the cause as now presented, the Court is of the opinion that the trial judge erred in striking out the answer of the defendants.

Reversed.

CONNOR, J., dissenting. The question of law presented by this appeal was decided adversely to the appellants on the former appeal in this action. For that reason I think the judgment should be affirmed. I dissent from the decision in this appeal reversing the judgment.

CLARKSON, J., concurs in dissent.