MARY E. COLLINS *vs.* FORREST SHEPHERD.

MAY 17, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is an action of trespass and ejectment which was heard in the superior court by a justice thereof sitting without a jury.  He rendered a decision for the plaintiff for possession and costs and thereafter the defendant duly prosecuted his bill of exceptions which is now before us and which contains only an exception to that decision.

When the case came up for hearing in the superior court, and before any evidence was presented, the defendant moved that the case be dismissed because the declaration, which was combined with the writ in the ordinary printed form customarily used in ejectment cases, general laws 1938, chapter 514, §7, was not specific enough in setting out in what manner he allegedly had wrongfully detained the premises in question from the plaintiff's possession.  The defendant contended that the writ and declaration did not sufficiently inform him of the plaintiff's claim in the above respect, as required by the statute, G. L. 1938, chap. 514, §10.

The trial justice, in our opinion, should have denied the defendant's motion on the ground that a motion to dismiss

was not a proper one at that stage of the proceedings and in this type of case. However, the trial justice and the parties apparently treated the motion as though it was in effect a demurrer to the insufficiency of the plaintiff's declaration and we shall treat it in the same way.

The trial justice denied the defendant's motion to dismiss the case, stating that he found the writ, which included the declaration, sufficient according to law and he directed the parties to proceed with the trial. In our opinion this decision was without error. An examination of the declaration shows that it alleges, among other things, that the defendant hired of the plaintiff on a given date the premises in question, which are therein adequately described, for the term of one month next ensuing, but that the defendant held over his term and refused to surrender said premises to the plaintiff; and also that the plaintiff, by a notice in writing of more than half the period of his term in advance, in accordance with the requirements of law, ordered the defendant to vacate and deliver up to her the aforesaid premises on a day certain, but that the defendant wrongfully detained possession of the same from her. In our opinion these allegations are sufficiently specific to inform the defendant of the nature of plaintiff's claim against him and to require him to go to trial.

The transcript shows that at the start of the hearing the defendant, who was an attorney, informed the trial justice, "I am making my defense to this case exclusively on the law, the facts I am not going into . . . ." After the trial justice had denied the defendant's motion and had ordered the parties to proceed with the trial the defendant said, "as I stated a moment ago, my whole case I am making as a point of law, I can waive the jury and submit." After some further comment not now material the trial justice said: "Jury trial having been waived and the defendant raising no question of fact, thereby admitting the facts alleged in the writ and declaration, decision for the plaintiff for possession and costs." The plaintiff's attorney then stated in

substance that he desired it to appear as a matter of record that the defendant did actually submit to a decision and he asked the latter the following question: "You do submit to a decision, do you, for the plaintiff?" and the defendant answered: "Yes, subject to my right." The plaintiff's attorney then replied: "Yes, subject to the other question that you raised here." The defendant then said: "Yes, subject to my right to proceed further on the point I raised."

It is plain from the record that the defendant did not desire any hearing on the merits but admitted that the facts, as alleged in the plaintiff's declaration, were true. Indeed, the defendant is not now contending that he should be heard on the facts. The point of law raised by him having thus been decided it was, under all the facts and circumstances, proper for the trial justice to enter a decision for the plaintiff on the merits of the case. We see no material issue remaining open for any further hearing.

The defendant's exception is overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff for possession and costs.

*E. Raymond Walsh, Walter J. Hennessey,* for plaintiff.
*Forrest Shepherd, pro se ipso.*