MARGARET M. ELEDGE, ADMINISTRATRIX OF JOHN J. ELEDGE, v. CARO-
LINA POWER & LIGHT COMPANY (ORIGINAL PARTY DEFENDANT), AND
M. B. HAYNES AND COAL OPERATORS CASUALTY COMPANY (ADDI-
TIONAL PARTIES DEFENDANT).

(Filed 21 September, 1949.)

**1. Master and Servant § 41—**

Under the Workmen's Compensation Act as amended, the employer or its
insurance carrier who has paid or admitted liability under the Act may
bring an action in the name of the injured employee or his personal repre-
sentative against a third person upon allegations that the negligence of
such third person caused injury to or death of the employee, and if such
action is not brought within six months by the employer or its carrier, the
employee or his personal representative may institute such action. G.S.
97-10.

**2. Same—**

The insurance carrier can have no greater rights against a third person
tort-feasor than the employer, G.S. 97-10, and therefore the insurance car-
rier prosecuting an action against such third person in the name of the
personal representative of the deceased employee may not recover any-
thing from such third person if the employer's negligence contributed to
or concurred with the negligence of such third person in causing the death
of the employee.

**3. Same—**

The employer and a third person tort-feasor are not joint tort-feasors,
and therefore such third person is entitled to plead contributory negli-
gence of the employer as a bar to any recovery by the employer or the
insurance carrier who has been subrogated to the rights of the employer,
and to this end is entitled to plead the payment of an award to the
personal representative of the deceased employee as a basis for its plea of
contributory negligence on the part of the employer. G.S. 97-10.

**4. Same—**

Since neither the employer nor the insurance carrier is entitled to
recover from a third person tort-feasor if the negligence of the employer
is the proximate cause or one of the proximate causes of the injury or death
of an employee, there is no basis for a cross-action by such third person
against the employer or its insurance carrier upon allegations that the
employer had executed a contract indemnifying such third person from
liability, and allegations of such cross-action are properly stricken on
motion, since such third person is not entitled to be indemnified against
its own negligence as to any recovery by the personal representative of
the deceased employee.

APPEAL by plaintiff and defendant Carolina Power & Light Company,
from *Moore, J.,* at January Term, 1949, of HAYWOOD.

This is a civil action to recover for the wrongful death of plaintiff's
intestate, whom she alleges was killed by the negligence of the Carolina

Power & Light Company, while he was engaged in the repair of one of its electric lines as an employee of M. B. Haynes.

The Carolina Power & Light Company, hereinafter referred to as "Power Company," alleged in its answer that it entered into a contract with M. B. Haynes to construct or repair certain electric lines for the Power Company; that the Power Company required Haynes to carry Workmen's Compensation insurance on his employees and authorized the cost thereof to be included in the contract price and to be paid for by the Power Company.

The defendant Power Company further alleged that pursuant to the terms of the contract between it and M. B. Haynes, the Coal Operators Casualty Company became the insurance carrier for the said Haynes and that the carrier has heretofore entered into an agreement for the payment of compensation for the death of plaintiff's intestate, and further alleged as a defense, that the defendant Power Company held an indemnity agreement with M. B. Haynes, wherein he obligated himself to indemnify and hold the Power Company harmless from any damages or other liability in connection with the work to be done pursuant to the terms of the contract, and filed a cross action against M. B. Haynes and the insurance carrier, alleging the negligence of M. B. Haynes as a proximate cause of the death of plaintiff's intestate, and made a motion before the Clerk of the Superior Court of Buncombe County that they be made parties to the action. The motion was allowed.

Thereafter this cause was removed to Haywood County, by consent of the parties and in the discretion of the trial judge.

In apt time, the plaintiff and the defendants, M. B. Haynes and the Coal Operators Casualty Company, moved to strike from the answer of the Power Company all reference to the Workmen's Compensation Act, the indemnity agreement and the cross action against Haynes and the Casualty Company.

The trial judge ordered the cross action stricken out, the plea setting up the indemnity agreement as a defense, and all other allegations directed against Haynes and the Casualty Company in other parts of the answer, and dismissed the action as to them "with leave to the Carolina Power & Light Company, if it so desires, to amend its answer to set forth allegations concerning coverage of the Workmen's Compensation Act and agreement for payment of compensation thereunder to the dependents of plaintiff's intestate by M. B. Haynes, without reference to the amount of such compensation as may be necessary to support its special plea of negligence of said M. B. Haynes as a defense to the action of the plaintiff."

From this ruling the plaintiff and the defendant, Carolina Power & Light Company, appealed, assigning error.

*Smith, Leach & Anderson and Sale, Pennell & Pennell for plaintiff.*

*R. F. Phillips; Robinson & Morgan and A. Y. Arledge for Carolina Power & Light Company.*

*J. W. Haynes for M. B. Haynes.*

*Smith, Leach & Anderson for Coal Operators Casualty Company.*

DENNY, J. It clearly appears from the record herein, that a settlement has been agreed upon between the plaintiff as the personal representative of her intestate and the Coal Operators Casualty Company, the insurance carrier for M. B. Haynes, pursuant to the provisions of the Workmen's Compensation Act; and that this action was instituted within six months of the injury and death of plaintiff's intestate.

Under the original provisions of our Workmen's Compensation Act, Section 11, Chapter 120, of the Public Laws of 1929, an employee or his personal representative had to elect whether he would accept the benefits available to him under the Workmen's Compensation Act, or would proceed in a suit at common law against a third party to recover damages for such injury. And where the injured employee or his personal representative elected to accept the benefits available under the provisions of the Workmen's Compensation Act, such acceptance was a complete bar to his right to proceed with the alternate remedy.

The Act, however, has always provided that where an employer has assumed liability for an award for compensation, he shall be subrogated to such rights as the injured employee or his personal representative had against any other party for such injury or death. Likewise, the Act provided that where an insurance carrier has paid an award for which the employer was liable, the insurance carrier shall be subrogated to all the rights of the employer, and that such subrogated rights may be enforced against a third party in the name of the employer, or the insurance carrier, as the case may be, or in the name of the injured employee or his personal representative.

The case of *Brown v. R. R.*, 202 N.C. 256, 162 S.E. 613, was decided while the original provisions of our Workmen's Compensation Act were in full force and effect. The Court held in that case that while the suit was brought for the primary benefit of the employer or its carrier, if any, neither the employer nor its carrier was a necessary or proper party to the action. However, on a second appeal, reported in 204 N.C. 668, 169 S.E. 419, the Court held that an answer filed by the defendant, pleading the acceptance of an award, pursuant to the provisions of the Workmen's Compensation Act, by the intestate's personal representative, and a plea of negligence on the part of the employer as a bar to any recovery in the action in so far as the employer or its carrier may be beneficiaries

in whose behalf the action was prosecuted, was proper and reversed the trial court which had allowed a motion to strike the answer.

In 1933 the General Assembly amended the Workmen's Compensation Act, eliminating the requirement for an election of remedies, and authorizing the employee or his personal representative to bring an action against a third party if the employer had not instituted such action within six months of the date of such injury or death. Chapter 449, Public Laws of 1933. The Act was amended again by Chapter 622, Session Laws of 1943, which amendment provided "that after the Industrial Commission shall have issued an award, or the employer or his carrier has admitted liability in writing and filed the same with the Industrial Commission, the employer or his carrier shall have the exclusive right to commence an action." Such action may still be instituted in the name of the injured employee, or his personal representative, and if not brought within six months by the employer or his carrier, the employee or his personal representative may institute such action. G.S. 97-10.

The first question for determination is whether or not the defendant Power Company has the right to plead the payment of an award to the personal representative of the plaintiff's intestate, pursuant to the provisions of the Workmen's Compensation Act, so as to lay the basis for its plea of contributory negligence against M. B. Haynes, the employer. For the insurance carrier in whose behalf this action was in fact instituted is not entitled to recover anything from the defendant Power Company if the employer's negligence contributed to or concurred with the negligence of the defendant in producing plaintiff intestate's injury and death. *Brown v. R. R.,* 204 N.C. 668, 169 S.E. 419. The statute, G.S. 97-10, provides that the insurance carrier shall have no "further rights than those existing in the employer at the time of the injury to or death of the employee."

The defendant Power Company and the employer are not joint tortfeasors, *Brown v. R. R., supra* (202 N.C. 256), consequently the Power Company is entitled to plead the contributory negligence of M. B. Haynes, the employer, as a bar to any recovery by the insurance carrier, who has been subrogated only to his rights. G.S. 97-10; *Brown v. R. R., supra* (204 N.C. 668).

The case of *Sayles v. Loftis,* 217 N.C. 674, 9 S.E. 2d 393, cited by the plaintiff appellee, is not in point. The allegations in the answer filed in that case relative to the payment of compensation under the Workmen's Compensation Act, were not coupled with any plea of negligence on the part of the employer, or with any other defense, and were properly stricken.

FOSTER *v.* LIGHT CO.

The allegations by the Power Company relative to the contract of indemnity and its cross action were properly stricken, since no judgment for damages can be obtained against the Power Company in this action, unless the jury finds that its negligence was the proximate cause, or one of the proximate causes, of the death of plaintiff's intestate. Moreover, if upon the trial the jury should find that the negligence of the employer, M. B. Haynes, contributed to the injury and death of plaintiff's intestate, the insurance carrier cannot recover. Only the excess over and above the amount paid by the carrier, if the amount awarded by the jury should be in excess of that amount, could be collected from the Power Company. Hence, there is no basis for a cross action against the employer or his insurance carrier, *Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73, and the Power Company is not entitled to be indemnified against its own negligence.

Plaintiff's appeal—Affirmed.

Defendant's appeal—Affirmed.