MARY ESSICK, ADMINISTRATRIX OF HARVEY ESSICK, v. CITY OF LEXINGTON AND LEXINGTON UTILITY COMMISSION.

(Filed 23 May, 1951.)

1. **Electricity § 7—**

Evidence tending to show that a municipal utility maintained uninsulated wires carrying a lethal voltage only about four feet above a tramway being constructed over a street with the city's knowledge and permission (G.S. 143-136), and that a workman on the tramway, who was not warned that the wires carried a dangerously powerful current, was electrocuted when a strip of metal he was using to cap the top of the roof of the tramway came in contact with the uninsulated wires, *is held* sufficient to be submitted to the jury on the issue of negligence of the city and its utility commission.

2. **Electricity § 10—**

Evidence tending to show that a carpenter while working on the roof of a tramway over a street was electrocuted when a strip of metal he was handling came in contact with uninsulated high voltage wires maintained only about four feet above the roof of the tramway, and that he had not been warned that the wires carried a dangerously powerful current, *is held* not to establish contributory negligence as a matter of law on the part of the workman.

3. **Negligence § 19c—**

Nonsuit on the ground of contributory negligence can be rendered only when but one reasonable inference leading to that conclusion can be drawn from the evidence.

**4. Electricity § 11: Negligence § 19d—**

The evidence disclosed that intestate was electrocuted when a metal strip he was holding in the performance of his work in roofing a tramway over a street came into contact with uninsulated wires maintained about four feet above the roof. The failure of intestate's employer to warn him of the dangerously powerful current carried by the wires in close proximity to the place at which he was directed to work cannot be held as a matter of law to establish negligence on the part of the employer constituting the sole proximate cause of the accident or that the employer's negligence insulated the negligence of the utility so maintaining the wires.

**5. Appeal and Error § 3—**

Ordinarily, persons who are dismissed as additional parties defendant and therefore do not participate in the trial and are not parties thereto, may not appeal from the judgment upon exception to the issues submitted.

**6. Negligence §§ 7, 11, 21: Trial § 39—**

A finding by the jury on the issue of negligence which establishes that the alleged negligence of a third party was not the sole proximate cause of the injury and did not insulate the negligence of defendants is not inconsistent with a finding by the jury upon a subsequent issue that such third party was guilty of negligence contributing to the injury, since negligence of the third party may contribute to the injury without being either the sole proximate cause thereof or a new and independent cause insulating defendants' negligence.

**7. Master and Servant § 41—**

In an action by the personal representative of a deceased employee against the third person tort-feasor, it is proper for the court to submit, upon supporting evidence, an issue as to the contributing negligence of the employer and, upon an affirmative finding thereto by the jury, to preclude the employer and its insurance carrier from reimbursement for the amount of compensation paid under the provisions of the Workmen's Compensation Act. G.S. 97-10. In the absence of such finding they would be entitled to such reimbursement upon their certificate of interest even though they were not parties to the action.

BARNHILL, J., dissents to the decision on the appeal of City of Lexington and Lexington Utility Commission.

APPEAL by defendants from *Moore, J.,* February Term, 1951, of DAVIDSON. No error.

This case was here at Spring Term, 1950, and is reported in 232 N.C. 200.

The action was instituted to recover damages for the wrongful death of plaintiff's intestate alleged to have been caused by the negligence of the defendants. The defendants denied the allegations of negligence and pleaded contributory negligence on the part of plaintiff's intestate.

The defendants also alleged that plaintiff's intestate at the time of his injury and death was in the employ of Dixie Furniture Company; that Dixie Furniture Company was negligent in respect thereto, and that its negligence was primary, and the sole proximate cause of the injury, or that its negligence insulated any negligence on the part of the City and its Utility Commission. Defendants further alleged that the Dixie Furniture Company, employer, and its insurance carrier, Travelers Insurance Company, had paid an award under the Workmen's Compensation Act for the injury and death of plaintiff's intestate, which plaintiff has received as compensation for the death of her intestate, but that by reason of the contributing negligence of the Dixie Furniture Company as alleged, it and its insurance carrier were barred from reimbursement of the amount so paid out of any amount the plaintiff might recover under the principle of subrogation.

On motion of these answering defendants the Dixie Furniture Company and two of its employees were made additional parties defendant. Both the plaintiff and the additional defendants excepted to the order making them parties.

In the opinion in the former appeal it was held that the demurrer to the complaint interposed by the original defendants should be overruled, that the two employees of Dixie Furniture Company were not proper parties, and that under the pleadings as then appeared the inclusion of Dixie Furniture Company was not justified. Pursuant to this opinion judgment was rendered in the Superior Court that Dixie Furniture Company and its two employees be dismissed as parties defendant, and should no longer be referred to as defendants. No pleadings were filed by Dixie Furniture Company though the insurance carrier filed an affidavit of interest.

On the trial issues were submitted to the jury and answered as follows:

"1. Was the plaintiff's intestate's death caused by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. If so, did plaintiff's intestate, by his own negligence, contribute to his said death, as alleged in the answer? Answer: No.

"3. Was the Dixie Furniture Company guilty of negligence contributing to the death of the plaintiff's intestate, as alleged in the answer? Answer: Yes.

"4. What amount of damages, if any, is the plaintiff entitled to recover of the defendants? Answer: $20,000.00."

From judgment on the verdict that plaintiff recover of the defendants the amount of the verdict less the amount heretofore received under the Workmen's Compensation Act ($6,010), to wit, $13,990, the defendants appealed.

The Dixie Furniture Company and its insurance carrier, Travelers Insurance Company, also excepted to the judgment and appealed.

*S. A. DeLapp and Don A. Walser for plaintiff, appellee.*
*Jones & Small and P. V. Critcher for defendants, appellants.*
*Smith, Sapp, Moore & Smith for Dixie Furniture Company and Travelers Insurance Company, appellants.*

DEVIN, J.   The only assignment of error brought forward by the defendants City of Lexington and Lexington Utility Commission was the denial of their motion for judgment of nonsuit.

It was not controverted that the City of Lexington in its corporate capacity owned and operated electric light and power lines, and that the Utility Commission was an incorporated agency of the City charged with supervision and management thereof.   The plaintiff's intestate was a carpenter. in the employ of the Dixie Furniture Company and was engaged at the time of his injury in putting a metal cap on the top of the roof over an elevated tramway constructed by the Dixie Furniture Company, with the permission of the City, over a city street.   The defendants had changed and relocated wires conveying 2,300 volts of electricity over this street and tramway in such way that uninsulated power wires were left only about four feet above the roof of the tramway.   It was in evidence that while plaintiff's intestate was on the roof of the tramway handling strips of metal for capping one of these strips came in contact with the electric wire overhead and plaintiff's intestate was electrocuted.

The plaintiff's evidence, tending to show the improper placing of wires carrying so powerful an electric current at less than the height prescribed by the North Carolina Building Code regulations (G.S. 143-136) above construction work then being carried on with the knowledge and permission of the defendants, and that it could reasonably have been foreseen that those engaged in this work, who were unwarned that the uninsulated wires carried a dangerously powerful current, were likely to come in contact therewith, when considered in the light most favorable for the plaintiff, was sufficient to justify the imputation of negligence proximately causing the injury and death complained of.   But defendants present the view also that the evidence offered by plaintiff makes out a conclusive case of contributory negligence on the part of plaintiff's intestate, and that their motion for judgment of nonsuit should have been sustained on that ground.   However, it appears that plaintiff's intestate was a carpenter presumably unfamiliar with electric wiring and electric current, and was without knowledge or warning that the wires carried so powerful a current of electricity, or that wires placed so close to work then being carried on with the knowledge of the defendants were uninsulated.   With-

out undertaking to state the evidence at length, we reach the conclusion that it does not establish as a matter of law that plaintiff's intestate was guilty of such contributory negligence as would bar recovery. The rule is that a judgment of nonsuit on this ground can be rendered only when but one reasonable inference leading to that conclusion can be drawn from the evidence. *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Daughtry v. Cline,* 224 N.C. 381, 30 S.E. 2d 322; *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793. Nor do we think the evidence was such as to justify nonsuit on the ground that negligence on the part of the plaintiff's intestate's employer Dixie Furniture Company was either the sole proximate cause of the injury or that it insulated the negligence of the defendants.

The case was properly submitted to the jury.

On the appeal of defendants City of Lexington and Lexington Utilities Commission there is

No error.

APPEAL of Dixie Furniture Company and Travelers Insurance Company.

The Dixie Furniture Company and the Travelers Insurance Company, though not parties to the action, noted exception to the judgment and to the submission of the 3rd issue, and have brought their appeal to this Court.

The defendants City of Lexington and Lexington Utility Commission contend that these appellants have no standing in court, as they were not parties to the action; that the Dixie Furniture Company was dismissed as additional party defendant upon objection by plaintiff and Dixie Furniture Company, and did not participate in the trial, and hence should not now be heard to except to the rulings of the trial judge or to issues which were submitted without objection.

This position would seem to be in accord with appropriate appellate procedure, but we will nevertheless consider the two points raised: (1) That the judge in his charge to the jury on the 1st issue submitted to the jury, in connection therewith, the question of intervening negligence on the part of the Dixie Furniture Company, and that the answer to that issue should have been held determinative of the 3rd issue. This position cannot be upheld as the finding that negligence on the part of Dixie Furniture Company did not insulate and render harmless the negligence of the City of Lexington and its Utility Commission is not necessarily inconsistent with finding also that Dixie Furniture Company was negligent, and that its negligence contributed to the injury complained of.

Plaintiff's allegation of negligence on the part of the City and its Utility Commission, in substance, was that these defendants had negli-

gently placed and continued to maintain high tension uninsulated electric wires carrying a powerful current along a city street and immediately over an elevated tramway which they knew had been planned and was being constructed, and in such close proximity to the structure that in the exercise of due care it could have been foreseen that those engaged in this construction would likely come in contact with these power wires to their injury, and that this negligent placing of the wires was done and allowed to remain without warning of the dangerous nature of the current to those engaged in this construction.

The answer of the defendants City of Lexington and Lexington Utility Commission alleged negligence on the part of the Dixie Furniture Company in that it directed plaintiff's intestate to work in close proximity to these high tension electric wires without instruction or warning as to the dangerous nature of the electric current being carried by these wires. As a defense to the plaintiff's action it was alleged that this negligence on the part of the Dixie Furniture Company was primary, or was the sole proximate cause of the intestate's death, or that it was a new and intervening cause which insulated and rendered ineffective and harmless any negligence on the part of the defendants.

Upon the evidence offered in support of these allegations the jury's answer to the 1st issue apparently negatived each of these three defenses, but it did not necessarily acquit the Dixie Furniture Company of fault or decide that its negligence was not in some degree a contributing cause of Essick's death. The finding on the 1st issue disposed of the defendants' defense that the negligence of Dixie Furniture Company in the respects alleged in the answer was a new and intervening cause breaking the chain of causation and interrupting the sequence between the defendants' negligence and the injury complained of, but it did not thereby absolve the Dixie Furniture Company entirely of the imputation of negligence constituting a contributing cause of the injury.

Insulating negligence as that term is defined and applied in *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808; *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295, means something more than a concurrent and contributing cause, and is not to be invoked as determinative merely upon proof of negligent conduct on the part of each of two persons acting independently but whose acts unite to cause a single injury. *Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73; *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648. Contributing negligence signifies contribution rather than independent or sole proximate cause. *Noah v. R. R.,* 229 N.C. 176, 47 S.E. 2d 844.

2. The Dixie Furniture Company and the Travelers Insurance Company insist that the 3rd issue was improperly submitted, and the court

should not have held that the finding on this 3rd issue that the employer was guilty of negligence contributing to the death of plaintiff's intestate should preclude them from reimbursement out of the plaintiff's recovery for the amount they had paid and the plaintiff had received on account of the death of her intestate under the Workmen's Compensation Act. But this statute (G.S. 97-10) has been repeatedly interpreted by this Court, both the original statute and the amendments thereto, and it has been uniformly held that the third party tort-feasor when sued for damages for an injury to an employee which is compensable under the Workmen's Compensation Act, is entitled to plead contributory negligence on the part of the employer as a bar to reimbursement *pro tanto* for the award paid. *Brown v. R. R.,* 202 N.C. 256, 162 S.E. 613; *Brown v. R. R.,* 204 N.C. 668, 189 S.E. 419; *Whitehead & Anderson, Inc., v. Branch,* 220 N.C. 507, 17 S.E. 2d 637; *Eledge v. Light Co.,* 230 N.C. 584, 55 S.E. 2d 179. In this case on the former appeal (232 N.C. 200) *Justice Seawell* restated the rule as follows: "Under *Brown v. R. R.,* 204 N.C. 668, 169 S.E. 419, when an award has been made and the employer has paid it, or is bound to do so, an action at common law may be brought by the employer, or the injured employee, or in case of death, by the personal representative of the deceased employee, in the manner set out in the statute, G.S. 97-10, in which the employer may, on the principle of subrogation, become reimbursed *pro tanto* for the award so paid. And as against this right, the party thus sued may plead in bar of recovery by subrogation the negligence of the employer in producing the injury." It was pointed out by *Justice Connor* in *Brown v. R. R.,* 202 N.C. 256, 162 S.E. 613, that the reason supporting this rule is that one should not be allowed to profit by his own wrong. *Davis v. R. R.,* 136 N.C. 115, 48 S.E. 591.

It may be noted that the statute G.S. 97-10 provides that the right to bring the action against the third party tort-feasor when compensation has been paid or assumed shall for the period of six months following the injury belong to the employer or his insurance carrier and thereafter to the injured employee or his personal representative, though when the action is for wrongful death the action must in any event be brought in the name of the personal representative. Here the suit was instituted by the personal representative of the deceased, and the employer and its insurance carrier have taken no action except to file an affidavit of interest. However, this would not have prevented them from being reimbursed from the recovery except for the finding of the jury on the 3rd issue.

We conclude that the rulings of the trial court in respect to the questions raised by the appeal of the Dixie Furniture Company and the Travelers Insurance Company should be affirmed, and it is so ordered.

Judgment affirmed.

BARNHILL, J., dissents to the decision on the appeal of City of Lexington and Lexington Utility Commission.