MRS. BITHA N. POINDEXTER, ADMINISTRATRIX OF MANLEY C. NEVILLE, DECEASED, v. JOHNSON MOTOR LINES, INC.

(Filed 19 March, 1952.)

### 1. Master and Servant § 41—

In an action by the personal representative of a deceased employee against the third person tort-feasor, defendant is entitled to set up actual negligence of the employer, as distinguished from imputed negligence under the doctrine of *respondeat superior*, as a bar *pro tanto* to plaintiff's right to recover in behalf of the employer, G.S. 97-10, but contributory negligence on the part of the employee is a complete bar to the entire action, without reference to any rights of the employer to share in the recovery.

### 2. Same: Pleadings § 31—

Where defendant sets up the contributory negligence of intestate as a bar to plaintiff's right to recover for his intestate's death, defendant is not entitled to set up the further defense that compensation had been paid for intestate's death by his employer and that intestate's negligence was a bar *pro tanto* to the action in so far as the employer is entitled to share in the recovery under G.S. 97-10, since negligence of intestate may be presented as a complete bar under the plea of contributory negligence, and the further defense was properly stricken on motion as being mere repetition and surplusage.

### 3. Appeal and Error § 51c—

Every opinion of the Supreme Court should be considered in the light of the facts of the case in which it was delivered.

APPEAL by defendant from *Sharp, Special Judge,* September Term, 1951, LEE. Affirmed.

Civil action to recover damages for alleged wrongful death, heard on motion to strike allegations in defendant's answer.

On 9 June 1951, plaintiff's intestate was operating a tractor-trailer belonging to G. N. Childress, going north on U. S. Highway 1 near Dinwiddie, Va. His vehicle collided with a tractor-trailer belonging to defendant, traveling in the opposite direction. As a result of the collision, plaintiff's intestate suffered injuries which caused his death.

In its answer to plaintiff's complaint, after pleading a counterclaim for damages to its truck and cargo, defendant pleads as "a second further answer and defense" that (1) plaintiff's intestate and his employer were subject to the Workmen's Compensation Act, (2) the insurance carrier of G. N. Childress, the employer, has paid or entered into a contract to pay compensation as required by said Act, (3) this action is maintained to the extent of such payment in behalf of said Childress and his insurance carrier, (4) said Childress, through his agent, plaintiff's intestate, was guilty of contributory negligence as specifically alleged in the answer, and (5) plaintiff's right to recover, to the extent of the interest of said em-

ployer and his insurance carrier, is barred by said contributory negligence of plaintiff's intestate.

Defendant likewise pleaded the contributory negligence of plaintiff's intestate as a complete bar to plaintiff's right to recover.

Plaintiff moved to strike said second further defense. The motion was allowed. Defendant excepted to the order striking said further defense and appealed.

*Gavin, Jackson & Gavin, Ruark & Ruark, and Joseph C. Moore for plaintiff appellee.*

*Smith, Leach & Anderson, W. W. Seymour, and J. G. Edwards for defendant appellant.*

BARNHILL, J. The defendant alleges that plaintiff's intestate and his employer were subject to the provisions of the Workmen's Compensation Act; that the employer or his insurance carrier has paid or admitted liability for payment of the compensation provided by said Act; and that this action, to the extent of such payment or admitted liability, is being maintained for and on behalf of the employer or his insurance carrier as authorized by statute, G.S. 97-10. Apparently the facts thus alleged are not denied. In any event, for present purposes we may assume the facts are as alleged, and in discussing the same we will treat the question as if the payment were made by the employer.

Upon this showing of the right of the employer to share, *pro tanto,* in any recovery had in this cause, defendant pleads the negligence of the employer, as such, in bar of his right to recover herein. But the negligence alleged was the negligence of plaintiff's intestate.

Defendant pleads the negligence of plaintiff's intestate as a proximate contributing cause of his injury and death in bar of any recovery by plaintiff. This plea fully presents the question for decision at the trial. If the issue bottomed on this plea is answered by the jury in favor of the defendant, the verdict will put an end to the case. In that event plaintiff is not and will not be entitled to recover in any amount, either in his own behalf or in behalf of the employer.

The further and repeated plea of contributory negligence as against the employer alone is mere repetition and surplusage. Certainly the deceased could not have been guilty of conduct which constitutes contributory negligence as against his employer but not as against him or his estate. Any conduct on his part which bars the right of the one bars the right of the other.

On the allegations made the employer has committed no act of negligence which proximately caused the death of plaintiff's intestate. The negligence, if any, was the negligence of the deceased employee and that

negligence constituted no bar to plaintiff's right to compensation under the Workmen's Compensation Act. *Archie v. Lumber Co.,* 222 N.C. 477, 23 S.E. 2d 834. It cannot be made the basis of an independent plea in bar of the right of the employer to recover over against the original and primary wrongdoer. If relied upon at all, it must be relied upon as a complete bar to the right of plaintiff to recover in any amount.

The defendant, however, cites and relies on *Brown v. R. R.,* 204 N.C. 668, 169 S.E. 419; *Eledge v. Light Co.,* 230 N.C. 584, 55 S.E. 2d 179, and *Essick v. Lexington,* 233 N.C. 600, 65 S.E. 2d 220, in which, it says, this Court has expressly approved the plea of contributory negligence on the part of the employer as a bar, *pro tanto,* in an action such as this. It stressfully insists that those cases are controlling here.

But "the law discussed in any opinion is set within the framework of the facts of that particular case," *Light Co. v. Moss,* 220 N.C. 200, 17 S.E. 2d 10; *S. v. Crandall,* 225 N.C. 148, 33 S.E. 2d 861; *Bruton v. Smith,* 225 N.C. 584, 36 S.E. 2d 9; *Brown v. Hodges,* 233 N.C. 617, 65 S.E. 2d 144; or, as expressed by *Chief Justice Marshall* in *U. S. v. Burr,* 2 L. Ed. 684, at p. 690: "Every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered." *Brown v. Hodges, supra.* The cases cited by defendant, when so considered, are clearly distinguishable.

In the *Brown case*—a railroad crossing accident case—the negligence alleged was the negligence of the employer in that he furnished the employee with a truck with worn and defective brakes which rendered it impossible for the employee to stop before entering the zone of danger after he saw or should have seen the approaching train.

In the *Eledge* and *Essick cases,* it was alleged that the employer negligently breached its nondelegable duty to furnish the employee a safe place in which to work and to warn him of the dangers and hazards of his employment. It was further alleged in each case that the employer, through the negligent conduct of a fellow servant of the deceased, proximately contributed to and caused the death of the plaintiff's intestate. That is to say, the negligence of the employer relied on by the defendant was independent of any act of commission or omission on the part of the deceased employee.

So then, it comes to this: Any alleged negligence of the employer which is entirely independent of the negligence imputed to him under the doctrine of *respondeat superior* on account of the negligent or wrongful conduct of the employee, who was injured or killed, may be pleaded in bar of the plaintiff's right to recover, *pro tanto,* in behalf of the employer or his insurance carrier. On the other hand, any alleged negligence of such employee who has received, or whose estate has received compensation from the employer under the Workmen's Compensation Act, must be

pleaded, if at all, as a bar to the whole action without reference to any rights of the employer to share in the recovery.

For the reasons stated the judgment entered in the court below is Affirmed.