WALTER F. LOVETTE v. G. D. LLOYD AND M. G. COPELAN, INDIVIDUALLY AND TRADING AS LLOYD & COPELAN PLUMBING CO. (ORIGINAL DEFENDANTS) ; AND CLAIBORNE BYRD AND F. L. BYRD, CO-PARTNERS, TRADING AS CONSOLIDATED PAINTERS; AND U. S. FIDELITY & GUARANTY CO (ADDITIONAL DEFENDANTS).

(Filed 6 January, 1953.)

1. **Master and Servant § 41: Parties § 10a—**

An action in behalf of an injured employee against a third person tort-feasor is governed by G.S. 97-10 and not the code of civil procedure.

2. **Master and Servant § 41—**

A right of action exists in behalf of an injured employee against the third person tort-feasor causing the injury even though the injury is compensable under the Compensation Act and the employee has actually received compensation therefor under the Act.

3. **Same—**

The employer or insurance carrier who has paid or become obligated to pay compensation to the injured employee has initially the exclusive right to maintain an action in its own name or the name of the employee against the third person tort-feasor, but if neither institutes action within six months from the date of the injury the right of action passes to the employee.

4. **Same—**

Where the plaintiff is the party authorized by G.S. 97-10 to maintain the action against the tort-feasor, he is entitled to prosecute same to final judgment, and the court may not interfere with this privilege by the joinder of wholly unnecessary additional parties.

5. **Same—**

In an action on behalf of the injured employee against the third person tort-feasor, plaintiff, regardless of whether the suit is maintained by the employer, the employee, or the insurance carrier, is entitled to recover the full amount of damages, since judgment in the action bars any other person from thereafter maintaining an action on the same cause of action, and it is the duty of the court, without a jury, to order the disbursement of the funds among the parties entitled to share in the recovery in the event of a favorable verdict.

6. **Same: Pleadings § 31—**

Contributory negligence of the injured employee constitutes a complete defense to an action against a third person tort-feasor, and may be pleaded

and proved by such third person irrespective of whether the action is instituted by the employer, the insurance carrier, or the employee.

**7. Same—**

Independent negligence of the employer, as distinguished from negligence of the injured employee imputed to the employer under the doctrine of *respondeat superior*, may be pleaded and proved by the third person tort-feasor as a bar, complete if the sole proximate cause of the injury, or, if constituting concurring negligence, *pro tanto* against the recovery of compensation paid or payable by the employer or the insurance carrier, even though the action be prosecuted by the injured employee alone.

**8. Same: Torts § 4: Negligence § 8—**

Liability for contribution under G.S. 1-240 or for indemnity under the doctrine of primary and secondary liability cannot be invoked except among joint tort-feasors, and the Workmen's Compensation Act not only abrogates all liability of the employer to the employee under the law of negligence but also limits the liability of the employer to the employee to the payment of compensation under the Act, and therefore in an action against the third person tort-feasor by the employee, the defendant is not entitled to join the employer or the insurance carrier for contribution or to set up the defense that its liability is secondary and that of the employer primary.

**9. Negligence § 16—**

In an action for negligence, the defendant may show under a general denial that the sole proximate cause of the injury in suit was the negligence of some third person, and therefore an allegation to that effect, while ordinarily surplusage, is harmless.

**10. Negligence § 8—**

Primary and secondary liability for negligent injury is based on active and negative negligence of joint tort-feasors, and where an answer contains no factual averments tending to show that the negligence of the pleader was negative in character, it is insufficient to call the doctrine into play.

**11. Master and Servant § 41: Parties § 10a—**

In an action instituted by the employee alone more than six months after the injury, against the third person tort-feasor, defendant is not entitled to the joinder of the employer and the insurance carrier, except in extraordinary circumstances, since defendant ordinarily may plead all available matters in defense and mitigation in regard to them notwithstanding that they are not parties.

**12. Appeal and Error § 2: Master and Servant § 41—**

While ordinarily an order providing for the joinder of additional parties is not appealable, in an action by an injured employee against a third person tort-feasor, in accordance with the provisions of G.S. 97-10, an order joining the employer and insurance carrier affects the substantial right of the employee to prosecute the action to a final determination without the presence of wholly unnecessary parties, and therefore is appealable. G.S. 1-277.

Appeals by plaintiff and additional defendants from *Grady, Emergency Judge,* at May Term, 1952, of Durham.

Civil action by an injured employee against alleged negligent third parties to recover damages for an injury compensable under the Workmen's Compensation Act heard upon motions to strike allegations of the third parties and to vacate an order of court impleading the employer and the insurance carrier.

For ease of narration, the original defendants G. D. Lloyd and M. G. Copelan, who trade as Lloyd & Copelan Plumbing Co., are called the Plumbing Company; the additional defendants Claiborne Byrd and F. L. Byrd, who trade as the Consolidated Painters, are designated as the Consolidated Painters; and the additional defendant U. S. Fidelity & Guaranty Co. is referred to as the Guaranty Company.

The essential facts are stated in chronological order and in ultimate terms in the numbered paragraphs set forth below.

1. The plaintiff Walter F. Lovette and his employer, the Consolidated Painters, have accepted the provisions of the North Carolina Workmen's Compensation Act. The Consolidated Painters are insured against liability for compensation with the Guaranty Company.

2. On 16 October, 1950, the plaintiff sustained an injury by accident arising out of and in the course of his employment by the Consolidated Painters. He claims his injury was caused by actionable negligence of the Plumbing Company.

3. No action has been brought against the Plumbing Company by either the Consolidated Painters or the Guaranty Company for the recovery of damages suffered by the plaintiff on account of his injury.

4. On 11 January, 1952, the plaintiff commenced this action against the Plumbing Company in the Superior Court of Durham County. His complaint states in detail that his injury was caused by the actionable negligence of the Plumbing Company, and that he has suffered damages totaling $39,000 on account of his injury. He prays judgment against the Plumbing Company for that sum.

5. On 12 April, 1952, the Clerk of the Superior Court of Durham County entered an order in the cause making the Consolidated Painters and the Guaranty Company additional party defendants, and directing that summons be issued against them. The order was entered at the instance of the Plumbing Company, and without notice to the plaintiff, or the Consolidated Painters, or the Guaranty Company.

6. At the time of the entry of the order, the Plumbing Company filed its answer, which admits that on 16 October, 1950, the plaintiff suffered an injury by accident arising out of and in the course of his employment by the Consolidated Painters, and denies that the plaintiff's injury was caused by any negligent act or omission on the part of the Plumbing

Company. The answer contains fifteen additional paragraphs designated as a "further answer and defense . . . and request for affirmative relief" and lettered from A to O, both inclusive, which plead contributory negligence on the part of the plaintiff as a complete defense to the action, and state the other new matter summarized in the next paragraph of this statement.

7. Paragraphs B, C, and D allege in detail that the Guaranty Company is the insurance carrier for the Consolidated Painters; that the Consolidated Painters and the Guaranty Company have become obligated to pay compensation to the plaintiff for his injury; and that as a consequence the Consolidated Painters and the Guaranty Company "are subrogated to the rights of the plaintiff in . . . any cause of action alleged in the complaint" to the extent of the compensation "for which they may be liable." Paragraph K asserts in detail that the sole proximate cause of the plaintiff's injury was independent negligence on the part of his employer, the Consolidated Painters. Paragraph L and its prayer for relief, *i.e.,* Prayer No. 7, lay hold on the doctrine of primary and secondary liability; aver that "if it should be found that there was any negligence on the part of these defendants, which is denied, then these defendants allege that any negligence on their part was secondary to the negligence on the part of Claiborne Byrd and F. L. Byrd, trading and doing business as Consolidated Painters of Durham, and such negligence on the part of the Consolidated Painters is the primary negligence and these defendants would in any event be secondarily liable only"; and demand "that . . . any judgment . . . awarded the plaintiff . . . be awarded primarily against Claiborne Byrd and F. L. Byrd and their insurance carrier, the U. S. Fidelity & Guaranty Company." Paragraph M and Prayer No. 8 invoke the provisions of G.S. 1-240 authorizing contribution between joint tort-feasors; states (1) "that if the injury complained of by the plaintiff resulted from any negligence of these defendants, which negligence is denied, . . . the negligence of Claiborne Byrd and F. L. Byrd, trading as Consolidated Painters, concurred with any negligence . . . of these defendants and proximately caused the damage and injuries alleged to have been sustained by the plaintiff" and (2) that "these defendants are entitled to judgment over and against the said Claiborne Byrd and F. L. Byrd, trading as Consolidated Painters, as joint tort-feasors for contribution in any amount which the plaintiff might recover"; and demand "judgment over and against Claiborne Byrd, F. L. Byrd, and U. S. Fidelity & Guaranty Company. . . for full contribution as joint tort-feasors . . . if recovery is allowed against these defendants for any amount." Paragraphs N and O and Prayers Nos. 1, 2, and 6 allege that the Consolidated Painters and the Guaranty Company "are necessary and proper parties to this action."

8. On 17 April, 1952, summons was served upon the Consolidated Painters and the Guaranty Company.

9. The plaintiff, the Consolidated Painters, and the Guaranty Company thereupon filed the following motions in the cause: (1) Motion to vacate the order of 12 April, 1952, making the Consolidated Painters and the Guaranty Company parties to the action; and (2) motions to strike from the answer of the Plumbing Company "all the allegations contained in paragraphs B, C, D, K, L, M, N, and O, and prayers for relief numbered 1, 2, 6, 7, and 8, together with the portions of the caption referring to Claiborne Byrd and F. L. Byrd, co-partners, trading as Consolidated Painters, and U. S. Fidelity & Guaranty Company."

10. The motions were heard by Judge Grady at the May Term, 1952, of the Superior Court of Durham County. He entered an order denying all of the motions in all respects, and the plaintiff, the Consolidated Painters, and the Guaranty Company appealed, assigning all rulings on all motions as error.

*Albert W. Kennon for plaintiff, appellant.*

*Victor S. Bryant, Ralph N. Strayhorn, and Ruark, Ruark & Moore for the original defendants, G. D. Lloyd and M. G. Copelan, individually and trading as Lloyd & Copelan Plumbing Company, appellees.*

*Fuller, Reade, Umstead & Fuller for the additional defendants, Claiborne Byrd and F. L. Byrd, co-partners, trading as Consolidated Painters, and U. S. Fidelity & Guaranty Company, appellants.*

ERVIN, J. This case is governed by the North Carolina Workmen's Compensation Act, and not by the Code of Civil Procedure. In consequence, *Burgess v. Trevathan, ante,* 157, 72 S.E. 2d 231, has no application to it.

The controlling provisions of the Workmen's Compensation Act appear in the statute codified as G.S. 97-10. This somewhat prolix enactment establishes the rules enunciated below to govern the conduct of civil actions against third persons who negligently inflict personal injuries upon workmen subject to the Workmen's Compensation Act.

1. G.S. 97-10 prescribes in express terms that compensation shall be paid in accordance with the provisions of the Workmen's Compensation Act in any case where the injured employee may have a right to recover damages for his injury from any person other than his employer. Under this provision, the right to maintain a common law action still exists in behalf of an employee against a third party through whose negligence he is injured, even though the injury is compensable under the Act, and even though the employee actually receives compensation for it under the Act.

2. G.S. 97-10 specifies how the liability of the negligent third party to the injured employee is to be enforced. The employer or the insurance carrier, who has paid or become obligated to pay compensation to the employee injured by the negligent third party, has the exclusive right in the first instance to commence an action "in his own name and/or in the name of the injured employee" against the third party for the damages suffered by the employee on account of the injury. If neither the employer nor the insurance carrier commences the action against the negligent third party within six months from the date of the injury, the right of action passes to the injured employee, and the injured employee thereafter has the right to bring the action in his own name against the third party for the damages suffered by him on account of his injury. These statutory provisions plainly imply that the employer, or the insurance carrier, or the employee who brings the original action against the third party is to have the exclusive privilege to prosecute his action to a final determination, and that the court is not to interfere with the exercise of this exclusive privilege by making additional parties unless extraordinary circumstances compel it to do so. Another necessary implication of the statutory provision specifying how the liability of the third party to the injured employee is to be enforced is that a judgment in an action prosecuted by either the employer, or the insurance carrier, or the employee in conformity with the statute is a bar to a subsequent action on the same cause of action by any other person. 71 C.J.S., Workmen's Compensation Act, Section 1602.

3. G.S. 97-10 clearly contemplates that the action against the third party is to be tried on its merits as an action in tort, and that any verdict of the jury adverse to the third party is to declare the full amount of damages suffered by the employee on account of his injury, notwithstanding any award or payment of compensation to him under the provisions of the Workmen's Compensation Act. *Rogers v. Construction Co.,* 214 N.C. 269, 199 S.E. 41. To this end, it enacts that "the amount of compensation paid by the employer, or the amount of compensation to which the injured employee or his dependents are entitled, shall not be admissible in evidence in any action against a third party." A necessary implication of this provision of the statute is that in the event of a verdict for the plaintiff in the action against the third party, the trial court, sitting without a jury, is to determine the amount of compensation paid or payable to the injured employee under the Workmen's Compensation Act on the basis either of a stipulation of the interested persons or of evidence submitted to it, and after so doing enter a judgment safeguarding the rights of any person entitled to share in the recovery, regardless of whether or not such person is a party to the action. *Mickel v. New England Coal & Coke Co.,* 132 Conn. 671, 47 A. 2d 181, 171 A.L.R. 1001.

4. G.S. 97-10 requires the recovery in the action against the third party to be disbursed in a specific manner, irrespective of whether the plaintiff in the action is the employer, or the insurance carrier, or the employee. It directs that the recovery be applied to these objects in this order: (1) To pay court costs; (2) to pay attorney fees approved by the Industrial Commission; and (3) to reimburse or indemnify the employer or the insurance carrier for all compensation paid or payable by him. Any excess of the recovery then remaining is to be paid to the injured employee. A necessary implication of the statutory requirement respecting the disbursement of the recovery is that the action against the third party is prosecuted in behalf of any person entitled to claim a share in the recovery, regardless of whether he is a party to the action.

5. The contributory negligence of the injured employee constitutes a complete defense to the action against the third party, and in consequence may be pleaded and proved by the third party as such, irrespective of whether the action is prosecuted by the employer, or the insurance carrier, or the employee. *Poindexter v. Motor Lines,* 235 N.C. 286, 69 S.E. 2d 495; *Brown v. R. R.,* 204 N.C. 668, 169 S.E. 419; 71 C.J., Workmen's Compensation Act, section 1610.

6. It is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer. *Brown v. R. R., supra.* For this reason, where the negligence of the third party and independent negligence on the part of the employer concur and proximately cause the injury to the employee, the third party may plead and prove the independent concurring negligence of the employer as a bar, *pro tanto,* to the recovery of the compensation paid or payable by the employer or the insurance carrier. *Poindexter v. Motor Lines, supra; Essick v. Lexington,* 233 N.C. 600, 65 S.E. 2d 220; *Eledge v. Light Co.,* 230 N.C. 584, 55 S.E. 2d 179; *Brown v. R. R., supra.* The third party may interpose this plea even though the plaintiff in the action against him is the injured employee rather than the employer or the insurance carrier. This is true because the action is prosecuted for the benefit of the employer or the insurance carrier as well as for the benefit of the employee. The term "independent negligence" denotes negligence of the employer other than that imputable to him under the doctrine of *respondeat superior* on account of the acts or omissions of the injured employee. *Poindexter v. Motor Lines, supra.*

7. The Workmen's Compensation Act is designed to secure to the employee at the hand of his employer a certain compensation against loss of earning power through injury by accident arising out of and in the course of his employment, irrespective of how such injury occurs or what brings it about. As a recompense for his acceptance of the new and comprehensive liability to pay his employee compensation on account of

injury by accident, G.S. 97-10 grants to the employer in express terms complete relief from any and all other liability to his employee "at common law, or otherwise, on account of such injury." This statutory provision abrogates all liability of the employer to the employee as a tortfeasor under the law of negligence for an injury by accident in the employment. In consequence, the third party, who is sued for damages for negligently inflicting a compensable injury upon the employee, cannot hold the employer liable for contribution under the statute embodied in G.S. 1-240 or for indemnity under the doctrine of primary and secondary liability even where the injury is the result of the joint or concurrent negligence of the employer and the third person. *Essick v. Lexington,* 232 N.C. 200, 60 S.E. 2d 106; *Brown v. R. R.,* 202 N.C. 256, 162 S.E. 613. This is necessarily so for the very simple reason that one party cannot invoke either the statutory right of contribution or the doctrine of primary and secondary liability against another party in a tort action unless both parties are liable to the plaintiff in such action as joint tortfeasors. Even apart from these sound considerations, any notion that the third party, who is sued for damages for negligently inflicting a compensable injury upon the employee, can require the employer to pay a part of such damages by way of contribution under G.S. 1-240 or all of them by way of indemnity under the doctrine of primary and secondary liability is absolutely incompatible with the plain provision of G.S. 97-10 relieving the employer from all liability to the employee on account of the injury except that of paying compensation to him in accordance with the provisions of the Workmen's Compensation Act. *Ita lex scripta est.*

When the rules created by G.S. 97-10 are applied to the instant action, it becomes manifest that the rulings of the presiding judge on the motions to strike are sound as to Paragraphs B, C, and D and the first allegation of Paragraph M, and unsound as to Paragraphs L, N, and O, the second allegation of Paragraph M, and Prayers Nos. 1, 2, 6, 7, and 8.

The motions to strike Paragraph K and the rulings thereon are inconsequential from any viewpoint. Since the fact that the sole proximate cause of the injury in suit was the negligence of some third person may be shown by a defendant under a general denial, an allegation by a defendant to that effect ordinarily constitutes surplusage and has no place in a technically perfect answer. 65 C.J.S., Negligence, Section 197. By the same token, however, its inclusion in an answer is harmless to plaintiff.

When Paragraphs B, C, and D, the first allegation of Paragraph M, and Paragraphs A, F, and I are construed as connected statements with much liberality toward the Plumbing Company, they make this permissible plea: That negligence of the Plumbing Company and independent negligence on the part of the employer, the Consolidated Painters, con-

curred and proximately caused the injury to the plaintiff, and as a legal result the amount of compensation paid or payable to the plaintiff is not recoverable of the Plumbing Company for the benefit of the employer or the insurance carrier. *Eledge v. Light Co., supra.*

Paragraph L, which lays hold on the doctrine of primary and secondary liability, and the second allegation of Paragraph M, which invokes the statutory right of contribution, and their corresponding prayers for relief serve no legitimate function in the case at bar, and must be expunged from the answer because of their prejudicial tendencies.

An all-sufficient ground for the expunction of these allegations and prayers is that they lay claim to relief not legally available to the Plumbing Company in this action for reasons detailed in Paragraph 7 of this opinion. There are other valid causes for their expungement. The answer ignores the significant circumstance that the doctrine of primary and secondary liability in tort actions is bottomed on active and negative negligence of joint tort-feasors. *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648; 65 C.J.S., Negligence, section 102. It does not contain any factual averments indicating that the negligence charged against the Plumbing Company was negative in character, or supporting the mere conclusion of Paragraph L that any negligence on the part of the Plumbing Company was secondary to that of the Consolidated Painters. Consequently the averments of the answer would be insufficient to call the doctrine of primary and secondary liability into play even if such doctrine were legally available to the Plumbing Company. Since the Guaranty Company was not an actor in the events resulting in personal injury to the plaintiff, it has committed no tort against him, and cannot be adjudged liable to the Plumbing Company as a joint tort-feasor for either contribution or indemnity. Moreover, it may be observed that while the Guaranty Company has bound itself to pay limited compensation to the employees of the Consolidated Painters under the Workmen's Compensation Act, it has not assumed any responsibility for the payment of unlimited judgments against the Consolidated Painters in common law actions for negligence.

The irrelevancy of Paragraphs N and O and Prayers Nos. 1, 2, and 6 becomes apparent on a consideration of the assignments of error directed to the refusal of the presiding judge to vacate the order making the employer and the insurance carrier parties to the action.

What has already been said renders it obvious that the legally insupportable desire of the Plumbing Company to claim contribution and indemnity from the employer and the insurance carrier furnishes no basis for the order making them parties. Moreover, the order is not needed for the protection of the Plumbing Company. It has full liberty to plead all available matters in defense and mitigation. Since the employee is prose-

cuting the action in strict accord with the relevant statute, the judgment in it will bar any subsequent suit against the Plumbing Company by either the employer or the insurance carrier on the same cause of action. Furthermore, the order is not to be justified on the theory that either the Plumbing Company or the court is under an obligation to bring the employer and the insurance carrier into court against their will and afford them an opportunity to claim a share in any recovery by the employee. Indeed, the Plumbing Company affirmatively asserts by its plea of independent concurring negligence on the part of the employer that neither the employer nor the insurance carrier has any such claim. Under G.S. 97-10, any rights of the employer or the insurance carrier will be enforced by the judgment, notwithstanding they are not parties to the action.

These things being true, there is no warrant in law for the order making the Consolidated Painters and the Guaranty Company parties to the action.

Ordinarily no appeal lies from an order providing for the joinder of additional parties. *Burgess v. Trevathan, supra; Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669. The plaintiff, however, has brought his action under G.S. 97-10, which clearly implies that he is to have the exclusive privilege to prosecute his action to a final conclusion without the presence of either the employer or the insurance carrier unless extraordinary circumstances require their joinder. No such circumstances exist in the instant case. We are constrained to hold that the refusal of the presiding judge to vacate the *ex parte* order making new parties is appealable under G.S. 1-277 because it immediately affects a substantial right of the plaintiff, *i.e.,* his statutory privilege to prosecute his action to a final determination without the presence of wholly unnecessary parties.

For the reasons given, the rulings on the motions to strike are modified to conform to this opinion, and the rulings on the motion to vacate the order making new parties are reversed.

On the motions to strike,

Modified and affirmed.

On the motion to vacate order making additional parties,

Reversed.